Robert C. DUNCAN, Charles W. Puff, Superintendent of Pike County School Corporation, and Board of School Trustees of the Pike County School Corporation, Defendants-Appellants,

v.

Bruce ROGERS, Plaintiff-Appellee.

No. 1–882A234.

Court of Appeals of Indiana,
First District.

Feb. 15, 1983.

Rehearing Denied March 23, 1983.

Richard S. Harrison, Cotner, Mann & Chapman, Bloomington, for Robert C. Duncan.

James J. Jordan, Muncie, for Charles W. Puff and Board of School Trustees.

Richard J. Darko, Janet C. Knapp, Bayh, Tabbert & Capehart, Indianapolis, for plaintiff-appellee.

NEAL, Judge.

## STATEMENT OF THE CASE

Defendants-appellants Board of School Trustees of Pike County School Corporation (PCSC), its Superintendent, Charles W. Puff (Puff), and Robert C. Duncan (Duncan) have perfected this interlocutory appeal from an order of the Henry Circuit Court denying their motion to transfer for improper venue.

We affirm.

## STATEMENT OF THE FACTS

Plaintiff-appellee Bruce Rogers (Rogers) was employed as a negotiator for contract collective bargaining for the Indiana State Teachers Association, and was a resident of Henry County. PCSC operates public schools and maintains offices only in Pike County, and its School Superintendent, Puff, is likewise a resident of Pike County. Duncan, a resident of Monroe County, was employed as a consultant to PCSC. Rogers filed his complaint for personal injuries against all appellants in the Henry Circuit Court alleging that Puff and Duncan had assaulted and injured him on May 15, 1982, during a bargaining session in which he was representing the Pike County Classroom Teachers Association.

PCSC, Puff and Duncan all filed their "Motion to Transfer For Improper Venue" from Henry County, alleging that Pike County, Indiana is the county of preferred venue pursuant to the provisions of Ind. Rules of Procedure, Trial Rule 75(A). Duncan supported the motion with his affidavit which, in addition to the above-related facts, stated that most of the witnesses resided in Pike County, and none, except Rogers, resided in Henry County.

## ISSUE

The sole issue is whether the trial court erred in denying the motion to transfer for improper venue.

## DISCUSSION AND DECISION

The parties concede that T.R. 75(A)(5) is the specific subsection applicable to this appeal. The relevant portion of the rule reads as follows:

"(A) Venue. Any case may be venued, commenced and decided in any court in any county, except, that upon the filing of a pleading or a motion to dismiss allowed by Rule 12(B)(3), the court, from allegations of the complaint or after hearing evidence thereon or considering affidavits or documentary evidence filed with the motion or in opposition to it, shall order the case transferred to a county or court selected by the party first properly filing such motion or pleading if the court determines that the county or court where the action was filed does not meet preferred venue requirements or is not authorized to decide the case and that the court or county selected has preferred venue and is authorized to decide the case. Preferred venue lies in:

\* \* \* \* \* \*

(5) the county where either one or more individual plaintiffs reside, the principal office of a governmental organization is located, or the office of a governmental organization to which the claim relates or out of which the claim arose is located, if one or more governmental organizations are included as defendants in the complaint[.]"

At the time of adoption of the Indiana Rules of Procedure, the Civil Code Study Commission commented upon the significance of Trial Rule 75(A)(5). The Commission stated that:

"Venue in cases where governmental organizations are made parties defendant is covered by sub-section (5). This will eliminate the uncertainties of venue in all cases where governmental organizations are named defendants.... This provision properly favors the person bringing suit against a governmental organization, if he or one of the plaintiffs is an individual, *by allowing such plaintiff to bring suit in the county of his residence.*" (Emphasis added.)

Civil Code Study Commission Comments, 4 W. Harvey & R. Townsend, Indiana Practice at 531 (1971). Professor Harvey stated in his comments on T.R. 75:

"A Plaintiff may elect to bring suit in any county qualifying under subdivisions (1) through (10) of Rule 75(A), and each such county is a county of preferred venue.... The effect will be to give the plaintiff the possibility of bringing suit in a number of places, and if the county is one of preferred venue, the defendant has no right to complain except as he may obtain relief under Rule 72(B) or Rule 4.4(C). However, if suit is brought in a county which does not qualify under such subdivisions, the defendant may object by answer or motion to dismiss, and if the court errs against him, he may seek relief only by appeal ...."

4 W. Harvey, *supra* at § 75.3, at 536.

One case throws some light on the subject, *Indiana High School Athletic Association, etc. v. Raike,* (1975) 164 Ind.App. 169, 329 N.E.2d 66. Raike filed his suit, challenging IHSAA's married athlete rule, in Marion County since the principal office of IHSAA was located there instead of Rush County, the situs of the school. Against an improper venue challenge the court said:

"While the venue thus obtained (Marion County) may not have been to Rushville's liking, it could be considered preferred venue within the meaning of Trial Rule 75(A)(4) ... as one of the two defendants had its principal office in Marion County." (Footnote omitted.)

164 Ind.App. at 190, 329 N.E.2d 66. We are of the opinion that no construction or interpretation of T.R. 75(A) is necessary. Preferred venue exists in Henry, Pike, or Monroe counties. Appellants concede as much in their brief.

However, appellants ask us to engraft upon the rule a further provision which would require the court to transfer the case, as between qualifying counties, to the most convenient forum in terms of the overall litigation, which they contend is Pike County. In short, they ask us to apply a principle similar to *forum non conveniens.*

*Forum non conveniens* permits a cause to be litigated in another jurisdiction upon a showing that litigation in the initiating forum is so inconvenient to the parties and witnesses that substantial injustice is likely to result. Transfer under the rule is not a matter of right, but is addressed to the trial court's discretion. Appellate review is limited to the question of whether the trial court abused its discretion. *See* Ind.Rules of Procedure, Trial Rule 4.4(C); *Killearn Properties, Inc. v. Lambright,* (1978) Ind.App., 377 N.E.2d 417; 92 C.J.S. *Venue* § 145 (1955); 1 W. Harvey, *supra,* Author's Comments 4.4(C) at 313. Assuming *arguendo,* that such a doctrine controls, there has been no showing that substantial injustice to the complaining parties is likely to result, or that the trial court abused its discretion in denying the motion. We further decline to rewrite the rule.

For the above reasons this cause is affirmed.

ROBERTSON, P.J., and RATLIFF, J., concur.