In the Matter of the TRUST CREATED UNDER AGREEMENT DATED SEPTEMBER 19, 1983, By Ralph W. JOHNSON.

Paul E. LOWE, Trustee, Appellant (Petitioner Below),

v.

Charmaine JOHNSON, Individually and as Executrix of the Estate of Ralph W. Johnson, Appellee (Respondent),

Methodist Hospital of Gary, Inc. (Claimant Below).

No. 2–384A73.

Court of Appeals of Indiana, Second District.

Oct. 24, 1984.

Rehearing Denied Dec. 6, 1984.

A. Donald Wiles, II, Wiles & Niederhauser, Indianapolis, for Paul E. Lowe, Trustee, appellant.

Max Cohen, Cohen & Thiros, Merrillville, for appellee.

SHIELDS, Judge.

Paul E. Lowe (Trustee) appeals the trial court's grant of Charmaine Johnson's motion to transfer venue from Hamilton County to Lake County. We consider the following issues in this interlocutory appeal:

1) whether, under Ind.Rules of Procedure, Trial Rule 75(A), preferred venue for this proceeding lies in Hamilton County, and

2) whether either the doctrine of *forum non conveniens* or Ind.Rules of Procedure, Trial Rule 4.4(C) applies to intrastate transfers of venue.

We reverse, because preferred venue lies in both Hamilton and Lake Counties and T.R. 75(A) allows for transfer only if preferred venue does not lie in the original forum. Further, the *forum non conveniens* of T.R. 4.4(C) does not apply to venue transfers within the state.

The trial court included the following facts in its order. Record at 117–19. Approximately three months before Ralph W. Johnson (Settlor) died, he executed a trust agreement appointing Paul Lowe as trustee. Paul Lowe is a resident of Hamilton County and has kept the records of the trust in Hamilton County. Two months after the execution of the agreement, Trustee removed trust assets from Settlor's Lake County safety deposit box and closed out two of Settlor's bank accounts. Two weeks before he died, Settlor, a Lake County resident, purportedly executed a document revoking the trust and requesting

that Trustee deliver the assets of the trust and an accounting to Charmaine Johnson. Charmaine Johnson is a resident of Lake County, as are the two witnesses to the execution of the revocation and the attending physicians during Settlor's last illness.

Trustee questioned the validity of the revocation and filed a Petition to Docket Trust and Obtain Instructions in Hamilton Circuit Court on December 6, 1983. Settlor died on December 13, 1983. Charmaine Johnson, the executrix of Settlor's estate, filed a Motion to Transfer on December 23, 1983 for the purpose of changing venue to Lake County.

The trial court granted the motion for transfer.

"The Court now finds that Lake County, Indiana, pursuant to the terms of Rule 75, is the county of preferred venue. The Court further finds as an additional ground for granting transfer that the cause should be transferred to Lake County under the doctrine of forum non-conveniens as authorized by the provisions of Trial Rule 4.4(C). That all of the witnesses who will testify as to the material issues in this cause with the exception of the Trustee are residents of Lake County, Indiana. [sic]"

Record at 118.

### Preferred Venue

T.R. 75 provides in relevant part as follows:

"(A) Venue. Any case may be venued, commenced and decided in any court in any county, *except,* that upon the filing of a pleading or a motion to dismiss allowed by Rule 12(B)(3), the *court,* from allegations of the complaint or after hearing evidence thereon or considering affidavits or documentary evidence filed with the motion or in ·opposition to it, *shall order* the case transferred to a county or court selected by the party first properly filing such motion or pleading *if* the court determines that *the county or court where the action was filed does not meet preferred venue requirements or is not authorized to decide the case and that the court or county selected has preferred venue and is authorized to decide the case.* Preferred venue lies in:

(1) the county where the greater percentage of individual defendants included in the complaint resides, or, if there is no such greater percentage, the place where any individual defendant so named resides; or

. . . .

(8) the county where a claim in the plaintiff's complaint may be commenced under any statute recognizing or creating a special or general remedy or preceeding; . . . ." (Emphasis added.)

The application of T.R. 75(A) is described clearly in the following comments:

"A plaintiff may elect to bring suit in any county qualifying under subdivisions (1) through (10) of Rule 75(A), and each such county is a county of preferred venue. . . . The effect will be to give the plaintiff the possibility of bringing suit in a number of places, and if the county is one of preferred venue, the defendant has no right to complain except as he may obtain relief under Rule 72(B) or Rule 4.4(C)." [1]

4. W. Harvey & R. Townsend, *Indiana Practice* § 75.3 at 536 (1971) (as quoted in *Board of Commissioners of Cass County v. Nevitt,* 448 N.E.2d 333, 343 (Ind.App. 1983)).[2]

---

**1.** Indiana Rules of Procedure, Trial Rule 72(B) reads:

"(B) Trials and hearings—Orders in chambers. All trials upon the merits shall be conducted in open court and so far as convenient in a regular courtroom in or outside the county seat. All other acts or proceedings may be done or conducted by a judge in chambers, without the attendance of the clerk or other court officials and at any place either within or without the circuit; but, no hearing other than one ex parte, shall be conducted outside the state without the consent of all parties affected thereby."

**2.** Note the slightly changed version described in *Grove v. Thomas,* 446 N.E.2d 641, 642 (Ind.App. 1983): "[T]he defendant may not challenge the venue, except as he may obtain relief under Trial Rule 4.4(C) and 76."

Appellee Charmaine Johnson contends preferred venue does not lie in Hamilton County on two grounds: 1) Trustee is seeking a declaratory judgment regarding the validity of the trust, not the administrative instructions allowed by Ind.Code § 30–4–3–18 (Burns 1972)[3] and 2) T.R. 75 conflicts with and is superior to Ind.Code § 30–4–6–3 (Burns 1972).[4] Neither contention is supported by law.

The nature of Trustee's petition is critical because if it is a petition for instructions under § 30–4–3–18, another section of the trust code, § 30–4–6–3, places venue in Hamilton County. In his Petition to Docket Trust and To Obtain Instructions, Trustee asked the court for "instructions with respect to how to proceed with the Trust." Record at 3, 4. There are no Indiana cases that discuss whether a question concerning the validity of a purported revocation document is the kind of "reasonable doubt with respect to any matter relating to the administration of the trust" that entitles a trustee to instructions by the court under § 30–4–3–18.

 The general rule is a trustee is entitled to instructions on such matters as the proper construction of the trust instrument, the extent of his powers and duties, the identity of the beneficiaries of the trust, the character and extent of the beneficiaries' interests, and the persons entitled to the income or to the trust property on the termination of the trust. Restatement (Second) of Trusts § 259 comment (A) (1959). In *First Portland National Bank v. Rodique*, 157 Me. 277, 172 A.2d 107 (1961), the Supreme Court of Maine noted the general rule, reviewed the policies favoring liberal application of a statute that allowed the court to instruct trustees, and decided a question regarding the validity of

a will provision under the rule against perpetuities. *See also In re Trust of Warner*, 275 Minn. 174, 145 N.W.2d 542 (1966). Thus, the Restatement and *First Portland National Bank* show legitimate requests for instructions may result in trial court proceedings that are similar to proceedings in suits for declaratory judgments.

Indiana law recognizes the following principle:

> "A trustee is not compelled to act at his peril in the administration of the trust. He need not act first and discover later whether his act was in breach of trust. He is entitled to the instructions of the court as protection."

3 A. Scott, *The Law of Trusts*, § 259 at 2214 (1967); *See Messner v. DeMotte*, 119 Ind.App. 273, 82 N.E.2d 900 (1948).

This principle is applicable to Trustee's conduct in filing the subject petition for instructions. In his petition, Trustee questions the validity of the revocation document and asks for court instruction as to how to proceed. Thus, Trustee seeks the opportunity to present to the court evidence pertaining to his reservations concerning the document's validity. Based upon this evidence he implicitly requests the court to order Trustee to either proceed with litigation seeking to invalidate the revocation or to terminate the trust and distribute its assets. In this manner, Trustee attempts to protect himself from any claim he has breached his fiduciary duties.

 The Hamilton County petition, then, is not an action on the merits of the validity of the revocation. It is, instead, a request for the court to determine whether there is a genuine issue as to the validity of the revocation so as to authorize Trustee to proceed further. As such, Trustee's petition for instructions is an appropriate use

---

3. Ind.Code § 30–4–3–18 (Burns 1972) reads: "Other remedies of the trustee (a) If there is a reasonable doubt with respect to any matter relating to the administration of the trust, the trustee is entitled to be instructed by the court."

4. Ind.Code § 30–4–6–3 (Burns 1972) in relevant part reads:

"(a) Unless the terms of the trust provide otherwise, venue in this state for matters arising under this article shall be exclusively in the county in which the principal place of administration of the trust is located. The principal place of administration of a trust is that usual place at which the records pertaining to the trust are kept or, if there is no such place, the trustee's residence...."

of § 30–4–3–18 and qualifies Hamilton County as a county of proper venue under the provisions of § 30–4–6–3.

■ In the instant case, both Lake and Hamilton Counties are counties of preferred venue under subdivisions (1) and (8), respectively, of T.R. 75(A). Preferred venue exists in Lake County because the defendant Charmaine Johnson resides there; preferred venue also exists in Hamilton County under T.R. 75(A)(8) and § 30–4–6–3 because the trust's records are kept there and Trustee resides there.

The contention that § 30–4–6–3 conflicts with T.R. 75, is without merit. T.R. 75(A)(8) specifically recognizes the existence of statutes that, like § 30–4–6–3, specify venue. Subsection (8) retains the "statutory" venue as an alternative venue, thereby avoiding any conflict. *See* Harvey & Townsend, *supra* § 75.11.

■ Because the plaintiff Trustee brought suit in a county (Hamilton) in which preferred venue lay, the defendant could not challenge the venue except as she could obtain relief under T.R. 76.

### *Forum Non Conveniens*

■ The trial court erroneously relied on the *forum non conveniens* provisions of T.R. 4.4(C) [5] as a basis for transferring the cause to a county forum which it found more convenient for the parties and potential witnesses. T.R. 4.4(C) does not provide for intrastate transfers of venue. Rather, the purpose of T.R. 4.4(C) is to permit a cause to be litigated in another state, as opposed to another county, upon a showing that litigation of the cause in Indiana is so inconvenient that substantial injustice is likely to result. *Killearn Properties, Inc. v. Lambright*, 176 Ind.App. 684, 377 N.E.2d 417 (1978); 1 W. Harvey, *Indiana Practice*, Author's comments 4.4(C) at 313 (1969). Although T.R. 4.4(C) borrowed heavily from statutes authorizing transfer of a case from one venue to another within the same judicial system, the text of Rule 4.4(C) explicitly refers to states rather than counties for the consideration for transfer. *See* 1 W. Harvey, *supra* at 313. In fact, the entire subject matter of T.R. 4.4 is limited to issues of interstate concern.

### *Discretionary "Inherent" Power*

■ The dissent argues the trial court has a discretionary "inherent" power to transfer a cause to a county of "preferred" venue. We disagree.

The sole focus of the opinions interpreting T.R. 75 has been on whether the county in which the suit was filed was a county of preferred venue. Once this court determined the initial filing was in a county of preferred venue, the question was decided and the denial of transfer was affirmed. *See e.g. Duncan v. Rogers*, 444 N.E.2d 1255 (Ind.App.1983); *Grove v. Thomas*, 446 N.E.2d 641 (Ind.App.1983) (holding that among the counties in which preferred venue lies, no preference is given to one county over another); *Board of Commissioners of Cass County v. Nevitt*, 448 N.E.2d 333 (Ind.App.1983) (under the "plain language" of T.R. 75(A) the question of transfer is decided once it is found that the suit was brought in a county with preferred venue). If a discretionary power to transfer had existed, the appellate courts would have been obligated to determine whether the trial court judges had abused that discretion in failing to transfer cases among counties of preferred venue. No such analysis was made.

---

**5.** T.R. 4.4(C) provides in relevant part:

(C) More convenient forum. Jurisdiction under this rule is subject to the power of the court to order the litigation to be held elsewhere under such reasonable conditions as the court in its discretion may determine to be just.

In the exercise of that discretion the court may appropriately consider such factors as:

(1) Amendability to personal jurisdiction in this state and in any alternative forum of the parties to the action;

(2) Convenience to the parties and witnesses of the trial in this state in any alternative forum; or

(4) Any other factors having substantial bearing upon the selection of a convenient, reasonable and fair place of trial.

In fact, in *Duncan*, such an analysis was rejected. In *Duncan* the appellants sought a transfer of venue from Henry to Pike County. They supported the motion with an affidavit which stated that most of the witnesses resided in Pike County and that only the plaintiff resided in Henry County. This court, in affirming the denial of transfer, found "no construction or interpretation of T.R. 75(A) is necessary. Preferred venue exists in Henry, Pike, or Monroe counties." 444 N.E.2d at 1257. The appellants, in the words of the court, had asked the court, "to apply a principle similar to *forum non conveniens*" which the court recognized as a permissive, not mandatory, doctrine.[6] *Id.* In declining to rewrite T.R. 75, the *Duncan* court held that the rule expressly allows a plaintiff, not the trial court, to choose among qualifying counties.

Thus, contrary to the dissenting opinion, caselaw does preclude a discretionary transfer from one preferred venue county to another, more convenient, preferred venue county. Furthermore, while neither statutes nor rules specifically preclude a discretionary transfer, it is more significant that neither the statutes nor the rules permit it. T.R. 1 provides the rules shall govern the procedure and practice in all courts. Under T.R. 75, venue is a matter of procedure. To permit a defendant to move the trial court for a discretionary transfer of venue from one preferred venue county to another is to endow the defendant with a right not provided by the rules. Procedural rules as distinguished from rules of local practice, are exclusively the prerogative of the supreme court. To the extent the dissent would affirm the trial court's decision based upon the dissent's recognition of a discretionary right invested in the trial court, the dissent is in conflict with the supreme court's supervisory power under art. 7, § 4 of the Indiana Constitution, Ind.Code 34–5–1–2 (1982), and T.R. 1.

Order reversed and cause remanded for further proceedings.

BUCHANAN, C.J., concurs.

SULLIVAN, J., dissents, with separate opinion.

SULLIVAN, Judge, dissenting.

I respectfully dissent.

The record before us does not demonstrate that Hamilton County is the eminently preferable venue in which to determine the matters in issue. Therefore, despite the fact that I believe such may well be true, I would give deference to the discretion of the trial court here in transferring the cause to a county which qualifies as a county of "preferred venue".

I agree with the caveat expressed in *Duncan v. Rogers* (1st Dist.1983) Ind.App., 444 N.E.2d 1255, which correctly observed that we do not have the prerogative to *require* a transfer from one qualifying venue to another more convenient qualifying venue. I do not, however, agree that Trial Rule 75, or any other Rule, statute, or case precedent, precludes a discretionary transfer if a clearly more preferable venue exists.

The commonsense rationale which underlies the *forum non conveniens* doctrine as between the states is not inapplicable as between counties in the same state. Certainly it is generally less burdensome and less inefficient to require litigation in a different county within the same state than to require litigation in a foreign state. Nevertheless, our procedures should contemplate the occasional instance in which a venue different from that in which the case was originally filed is objectively and clearly preferable. I see no reason to preclude an orderly, efficient and equitable transfer of venue upon a properly filed motion, after determination by the trial court that a different venue is eminently more prefera-

---

**6.** "*Forum non conveniens* permits a cause to be litigated in another jurisdiction upon a showing that litigation in the initiating forum is so inconvenient to the parties and witnesses that substantial injustice is likely to result. Trans-

fer under [*forum non conveniens*] is not a matter of right, but is addressed to the trial court's discretion."
*Duncan v. Rogers,* 444 N.E.2d 1255, 1258 (Ind. App.1983).

ble, and upon acceptance by an appropriate court in the receiving venue county.

I would affirm the discretionary decision made by the Hamilton Superior Court.