**STOREY OIL COMPANY, INC., and Michael R. Storey, Appellants (Defendants Below),**

v.

**AMERICAN STATES INSURANCE COMPANY, Appellee (Plaintiff Below).**

**No. 49A04–9308–CV–298.**

Court of Appeals of Indiana, Fourth District.

Oct. 25, 1993.

Norman W. Phillips, Vance & Phillips, Seymour, for appellant.

Karl L. Mulvaney, Bingham Summers Welsh & Spilman, Indianapolis, for appellee.

MILLER, Judge.

Storey Oil Company, Inc., and its president, Michael R. Storey personally (Storey), bring this interlocutory appeal of right pursuant to Ind.Trial Rule 75(E) and Ind.Appellate Rule 4(B)(5), claiming the trial court erred when it denied Storey's motion to transfer a declaratory judgment action brought by its insurer, American States Insurance Company, from Marion County to Jackson County pursuant to the preferred venue rule, Ind.Trial Rule 75(A).

We affirm.

## FACTS

Storey owned a parcel of real estate located at 7326 Pendleton Pike, Indianapolis, from 1976 to 1987, and had operated a gas station on the property from 1975 to 1981 or 1982. In 1987, Storey sold the property to Michael E. Kinney and G. Gilbert Purdy. In 1991, Kinney and Purdy filed a complaint for damages in the Marion Superior Court against Storey and others alleging that the defendants had caused contamination of the soil and groundwater by petroleum products leaking from underground storage tanks located on the property while it was operated as a gas station. The tanks had been removed before Kinney and Purdy bought the property.

Storey notified American States, its general liability insurance carrier from July, 1987 through July, 1989, of the complaint and requested American States to: (1) provide them with a defense; and (2) indemnify them for any recovery Kinney and Purdy might obtain. Storey executed a non-waiver agreement that allowed American States to investigate the complaint. American States notified Storey that it would provide a defense under a strict reservation of rights under the insurance polices.

In 1993, American States filed its Complaint for Declaratory Judgment in Marion County against Storey asking the trial court to declare it had no obligation to defend or indemnify Storey under its general liability policies. Storey countered with a motion to transfer the cause to Jackson County because of improper venue. Following a hearing, the trial court denied Storey's motion and entered an Order which, in pertinent part, states:

[Storey] argues that preferred venue lies in Jackson County ... which is the resident of ... Michael R. Storey, and the county in which the principle office of ... Storey Oil Company, Inc., is located. Accordingly, [Storey] argues that preferred venue should be determined to lie in Jackson County under Trial Rule 75(A)(1).

In response, [American States] argues that preferred venue lies in Marion County pursuant to the provision of either

**234**

Trial Rule 75(A)(2) or (8). Trial Rule 75(A)(8) provides that preferred venue lies in "the county where a claim in the Plaintiff's Complaint may be commenced under any statute recognizing or creating a special or general remedy or proceeding." [American States] argues that I.C. 34–4–10–1 provides that declaratory judgment actions may be commenced in any court of record. The Court specifically rejects [American States] contention that I.C. 34–4–10–1 constitutes a basis for venue determination.

In regard to subparagraph (A)(2) of Trial Rule 75, however, the Court finds that preferred venue may be based in Marion County. By its complaint, [American States] seeks declaratory judgment regarding its obligations under a certain liability insurance policy issued by [American States] to [Storey]. The liability which is asserted in the underlying action in regard to which [American States] seeks a declaration from this Court relates to real estate located in Marion County, Indiana. For such reason, preferred venue lies in Marion County.

Subparagraph (A)(2) of Trial Rule 75 provides that preferred venue lies in:

"the county where the land ... is located ..., if the complaint includes a claim ... relating to such land...."

The rule then proceeds to list a number of specific claims that are included "without limitation." Although the instant action does not fall within any of the named examples, it is one "relating to such land." The liability of [Storey], if any, in the underlying action arises from their ownership and transfer of such land.

The Indiana Court of Appeals held in *Lowe v. Johnson* (1984), Ind.App., 469 N.E.2d 768,[1] that the doctrine of *forum non conveniens* does not apply to intrastate venue determinations. *Although such doctrine does not form the basis for this Court's venue determination,* the Court notes that its ruling upon [Storey's] Motion to Transfer has the effect of holding the present litigation in the most convenient and reasonable place of trial for the parties to this proceeding. This is so for a number of reasons: the real estate is located in Marion County; the records relating to title and title transfer of such real estate are located in Marion County; the acts allegedly giving rise to liability in the underlying action occurred in Marion County; the underlying action is pending in Marion County; the court records relating to such underlying action are in Marion County; and the Plaintiff is located in Marion County. These factors outweigh the inconvenience to [Storey] and the insurance agent here involved of holding this proceeding in Marion County.

For the foregoing reasons, [Storey's] Motion to transfer shall be, and is hereby, denied.

It is SO ORDERED this 6th day of July, 1993

/s/ James S. Kirsch
JAMES S. KIRSCH
Judge

R. 43 (emphasis added).

### DECISION

Storey contends the trial court erred because the connection between American States' suit for declaratory judgment and the land located in Marion County is too remote to fall within the purview of T.R. 75(A)(2). Storey frames the issue as a question: "How can a complaint to interpret the provisions of an insurance policy which relates to another lawsuit which relates to a claim for injury to land provide a nexus sufficiently close under the rule to qualify as 'a claim ... relating to such lands'"? Storey's Brief at 15. Storey suggests that in a complaint such as this which does not include a claim for injuries to land, the threshold test to determine whether a claim is one "relating to such land" with the meaning of the rule should be whether the relief sought in the action, if granted, would affect any ownership, possessory or security interest in the land.

[1] A/K/A *Matter of Trust Created Under Agreement Dated September 19, 1983 by Johnson.*

T.R. 75(A)(2) states that preferred venue lies in:

> (2) *the county where the land or some part thereof is located* or the chattels or some part thereof are regularly located or kept, *if such complaint includes a claim* for injuries thereto or *relating to such land* or such chattels, *including without limitation* claims for recovery of possession or for injuries, to establish use or control, to quiet title or determine any interest, to avoid or set aside conveyances, to foreclose liens, to partition and to assert any matters for which in rem relief is or would be proper; or.... (Emphasis added).

A plaintiff may elect to bring suit in any county meeting the criteria listed in T.R. 75(A)(1)–(9). Each such county is a county of preferred venue. *Grove v. Thomas* (1983), Ind.App., 446 N.E.2d 641, 642. In construing this rule, a court is bound by the cardinal rule of statutory construction that "a statute clear and unambiguous on its face need not and cannot be interpreted by a court." *Id.* at 643 *citing Economy Oil Corp. v. Indiana Dept. of State Revenue* (1974), 162 Ind.App. 658, 321 N.E.2d 215, 218. "Trial Rule 75(A)(2) is clear and unambiguous on its face." *Grove, supra,* at 643.

Black's Law Dictionary defines "relate" thus:

> Relate: To stand in some relation; to have bearing or concern; to pertain; refer; to bring into association with or connection with; with "to."

Black's Law Dictionary 1288 (6th ed. 1990). It is clear to us that the claim that gave rise to this action relates to land located in Marion County. The land was used and owned by Storey, the defendants in this declaratory judgment action. The injury to the land which gave rise to the instant action was soil and groundwater contamination allegedly cause by petroleum products in tanks owned and operated by Storey in Marion County. Storey sold the land to Kinney and Purdy and the documents related to the transfer of the land were recorded in Marion County. The action which gave rise to this action is pending in Marion County. The nexus is clearly apparent—without the alleged injury to the land, there would be no cause of action between Storey and American States. There is nothing in the rule that limits "claims ... relating to such land" to claims that would only affect any ownership, possessory or security interests in the land. Like the trial court, we find no merit to Storey's argument.

Storey also argues that the question of *forum non conveniens* was not raised in *their* Motion to Transfer and, therefore, Storey was without notice that this topic would even be considered by the trial court. Storey asks that if we overrule *Lowe v. Johnson* (1984), Ind.App., 469 N.E.2d 768, they be afforded an opportunity to present argument and evidence on that point. In *Lowe,* the court clearly stated that the *forum non conveniens* provisions of Ind.Trial Rule 4.4(C) do not provide for intrastate transfers of venue. *Id.* at 772.

In the instant case, the trial court's Order states: "The Indiana Court of Appeals held in *Lowe v. Johnson* (1984), Ind.App., 469 N.E.2d 768, that the doctrine of *forum non conveniens* does not apply to intrastate venue determinations. *Although such doctrine does not form the basis for this Court's venue determination....*" R. 43 (emphasis added).

The trial court's statement is also clear and unambiguous. The doctrine of *forum non conveniens* (T.R. 4.4(C)) did not serve as the basis for its decision and, therefore, its comments regarding the relative convenience of Marion County as the forum for this action are merely dicta.

The trial court did not err and is affirmed.

CHEZEM and BAKER, JJ., concur.