MERIDIAN MUTUAL INSURANCE COMPANY, Appellant–Defendant,

v.

Karen K. HARTER and Henry Harter, Jr., Appellees–Plaintiffs.

No. 68A04–9510–CV–385.

Court of Appeals of Indiana.

March 27, 1996.

Stephen J. Peters, Richard P. Winegardner, Stewart & Irwin, Indianapolis, for Appellant.

John T. Cook, Peter Haviza, Dane Starbuck, Cook & Haviza, Indianapolis, for Appellees.

## OPINION

CHEZEM, Judge.

### *Case Summary*

Appellant-defendant, Meridian Mutual Insurance Company, ("Meridian"), appeals the trial court's denial of its motion to transfer the cause to a county of preferred venue under Ind.Trial Rule 75(A). We reverse and remand.

### *Issue*

Meridian presents two issues for review, which we restate as: Is the county where an automobile accident occurred a county of preferred venue in a suit against an insurance carrier for underinsurance benefits?

### *Facts and Procedural History*

On July 29, 1992, Karen Harter was involved in an automobile accident in Randolph County. She and her husband (collectively "Harters") brought suit against the other driver and received a favorable judgment. The other driver, however, was underinsured as compared to Harters' loss. Harters then filed a claim with their insurance carrier, Meridian, for underinsurance benefits. Meridian denied their claim as untimely.

On March 3, 1995, Harters filed a complaint in the Randolph Circuit Court alleging that Meridian breached its contract with them to provide underinsured motorist coverage. On March 13, 1995, Meridian filed a motion to transfer venue to a county of preferred venue. Meridian is an Indiana corporation with its principal office located in Marion County. The trial court denied Meridian's motion on August 21, 1995.

### *Discussion and Decision*

■ Meridian argues venue should have been transferred to Marion County because it is a county of preferred venue under T.R. 75(A)(4), and because Randolph County is not a county of preferred venue under T.R. 75(A)(1)–(9). *RJR Nabisco Holdings v.*

*Dunn,* 657 N.E.2d 1220 (Ind.1995). Harters argue Randolph County is a county of preferred venue under T.R. 75(A)(3) and (4), and the trial court therefore properly denied Meridian's motion. Upon appeal, we review a trial court's decision as to preferred venue for an abuse of discretion. *Hollingsworth v. Key Ben. Adm'rs, Inc.,* 658 N.E.2d 653 (Ind. Ct.App.1995).

■ Harters argue that because the automobile accident occurred in Randolph County, it is a county of preferred venue pursuant to T.R. 75(A)(3). Trial Rule 75(A)(3) provides preferred venue lies in:

> The county where the accident or collision occurred, if the complaint includes a claim for injuries relating to the operation of a motor vehicle or a vehicle on railroad, street or interurban tracks;

We hold that Trial Rule 75(A)(3) does not apply to this case. The present case is a cause of action brought in contract by an insured against an insurer. This is not an action brought in tort between parties actually involved in a vehicular accident. Preferred venue does not lie in Randolph County under T.R. 75(A)(3).

Harters argue that T.R. 75(A)(3) should be given a construction similar to that given T.R. 75(A)(2). Trial Rule 75(A)(2) provides preferred venue will lie in:

> The county where the land or some part thereof is located or the .chattels or some part thereof are regularly located or kept, if the complaint includes a claim for injuries thereto or relating to such land or such chattels, . . .

Early construction of T.R. 75(A)(2) held that the rule required more than that the claim relate to the land or chattel; the complaint must include a claim for injuries thereto. *Burris v. Porter,* 477 N.E.2d 879 (Ind.Ct. App.1985). However, recent cases have rejected the *Burris* decision. *See Diesel Const. Co., Inc. v. Cotten,* 634 N.E.2d 1351 (Ind.Ct. App.1994), and *Bayless Specialties v. Affordable Housing, Inc.,* 637 N.E.2d 840 (Ind.Ct. App.1994), *reh. denied, trans. denied.* In *Diesel,* a panel of this court rejected *Burris* as too restrictive, and held that T.R. 75(A)(2) should be given a broad interpretation, such as that given by the court in *Storey Oil v. American States Ins. Co.,* 622 N.E.2d 232 (Ind.Ct.App.1993).[1]

The court in *Diesel* held that the proper test to determine whether a claim relates to land under T.R. 75(A)(2) is whether a sufficient nexus exists between the land and the underlying action. *Diesel,* 634 N.E.2d at 1354. Factors to consider in determining whether a nexus exists are whether the acts giving rise to liability occurred in the county and whether examination of the site may be necessary to resolve the dispute. *Id.*

While the reasoning in *Diesel* would seem to suggest that this court also apply a nexus test under T.R. 75(A)(3) when determining whether a claim relates to the operation of a motor vehicle, a significant difference exists in the wording of the two rules. Trial Rule 75(A)(2) states that preferred venue lies in a county where the land is located "if the complaint includes a claim for injuries thereto *or* relating to such land." Trial Rule 75(A)(3), however, states that preferred venue lies in a county where the accident occurred "if the complaint included a claim for injuries relating to the operation of a motor vehicle." Trial Rule 75(A)(3) does not contain the conjunction "or." In fact, the court in *Diesel* specifically focused on the inclusion of the

---

1. *Storey,* like the case at bar, was an action between the insured and the insurer. In that case, the defendant, Storey Oil, had been the owner of land in Marion County upon which a gas station had operated. The subsequent purchasers of the land brought suit against Storey Oil claiming that the underground tanks had caused groundwater contamination. Storey Oil notified American States,. who was its liability carrier during the time the gas station was operated. American States filed a declaratory judgment action against Storey Oil in Marion County, claiming that it had no obligation to defend or indemnify Storey Oil under the liability policy. Storey Oil filed a motion to transfer the cause to Jackson County where its principal place of business was located. American States responded that Marion County was a county of preferred venue under T.R. 75(A)(2) because it was where the gas station was located. The trial court denied Storey Oil's motion finding that preferred venue already lay in Marion County. This court affirmed on appeal, rejecting Storey Oil's contention that T.R. 75(A)(2) should be limited to claims only affecting ownership, possessory interests, or security interests in land. *Id.* at 235.

conjunction "or" when it rejected *Burris'* interpretation of T.R. 75(A)(2) that "the complaint must include a claim of 'injuries thereto or relating to' such chattels." *Burris,* 477 N.E.2d at 881. In its discussion, the court in *Diesel* stated:

> we have difficulty accepting this statement [in *Burris*] that requires a more onerous burden to establish venue than the rule mandates. T.R. 75(A)(2) places venue in the county where the chattel [land] is located if there is a claim for injuries to the chattel [land] *or* if there is a claim relating to the chattel [land].

*Diesel,* 634 N.E.2d at 1353.

■ This difference between the two rules, while seemingly minor, is significant. Trial Rule 75(A)(3) states that there must be a claim for *injuries relating* to the operation of a motor vehicle. When construing a trial rule, this court is bound by the overriding rule of statutory construction that "a statute clear and unambiguous on its face need not and cannot be interpreted by a court." *Storey Oil,* 622 N.E.2d at 232 *citing Grove v. Thomas,* 446 N.E.2d 641, 642 (Ind.Ct.App. 1983).

We find that Trial Rule 75(A)(3) clearly and unambiguously requires there be a claim for *injuries relating* to the operation of a motor vehicle in order for preferred venue to lie in the county where the accident occurred. Harters' complaint alleged that Meridian breached its promise to provide underinsurance benefits to Harters. While of necessity no such claim could ever arise unless there had been an accident, the location of the accident is immaterial to the determination of Harters' contractual claim. Therefore, Randolph County is not a county of preferred venue under T.R. 75(A)(3).

■ Harters also argue that Randolph County is a county of preferred venue pursuant to T.R. 75(A)(4). Trial Rule 75(A)(4) provides that preferred venue lies in:

> The county where either the principal office of a defendant organization is located or the office or agency of a defendant organization or individual to which the claim relates or out of which the claim arose is located, if one or more such organizations or individuals are included as defendants in the complaint;

Harters contend that because they purchased their liability policy with Meridian from an insurance agent in Randolph County, it is a county of preferred venue because it is where "the office or agency of a defendant organization or individual to which the claim relates or out of which the claim arose is located, ..." T.R. 75(A)(4). However, that portion of T.R. 75(A)(4) is modified by the clause "if one or more such organizations or individuals are included as defendants in the complaint." Harters did not name the insurance agent who sold them the Meridian policy as a defendant in their complaint. Therefore, Randolph County is not a county of preferred venue under T.R. 75(A)(4).

Meridian has its principal office in Marion County, and therefore Marion County is a county of preferred venue under T.R. 75(A)(4). The trial court's decision denying Meridian's motion to transfer was an abuse of discretion.

Reversed and remanded.

RILEY and RUCKER, JJ., concur.