663 N.E.2d 1166 (1996)
JASPER COUNTY BOARD OF COUNTY COMMISSIONERS and Jasper County Council, Appellants-Defendants,
v.
Robert V. MONFORT, as Judge of the Jasper Superior Court, Court No. 2, Appellee-Plaintiff.
No. 45A03-9509-CV-302.
Court of Appeals of Indiana.
April 15, 1996.
Rehearing Denied June 13, 1996.
James R. Beaver, Halleck & Beaver, P.C., Rensselaer, for appellants.
Michael Riley, Rensselaer, for appellee.

OPINION
HOFFMAN, Judge.
Appellants-defendants, the Jasper County Board of County Commissioners, and the Jasper County Council (collectively "defendants"), *1167 appeal from the denial of their motion for change of venue in an action for declaratory and injunctive relief brought by appellee-plaintiff Robert V. Monfort, as Judge of the Jasper Superior Court, Court No. 2, ("Judge Monfort").
In 1995, the Indiana legislature enacted a law to abolish, in mid-session, Jasper Superior Court, Court No. 2 ("Court No. 2"). The presiding judge of Court No. 2 is Judge Monfort. In response to the legislative action, Judge Monfort filed a complaint for declaratory and injunctive relief in the Lake Circuit Court against: the State of Indiana; Morris Wooden, in his capacity as Auditor of the State of Indiana; Joyce Brinkman, in her capacity as Treasurer of this state; and the defendants. Judge Monfort applied for and received a temporary restraining order against the above parties on May 10, 1995. On May 15, 1995, arguing Lake County does not satisfy the preferred venue requirements of Ind. Trial Rule 75, the defendants filed an objection to venue. In their motion, defendants alleged Jasper County to be a county of preferred venue and asked the court to transfer the cause there. The trial court granted Judge Monfort's request for a preliminary injunction on May 18, 1995. On July 7, 1995, the trial court denied defendants' motion for change of venue. This appeal ensued.
The sole issue presented on appeal is whether the trial court erred in failing to grant the defendants' motion for change of venue.
There is no dispute that Lake County has jurisdiction over this matter. Rather, the parties disagree as to whether or not Lake County is a county of preferred venue and whether the case may remain there subsequent to the defendants' motion for change of venue. Ind. Trial Rule 75(A) provides that an action may be filed in any Indiana county of preferred venue. T.R. 75(A). If the court in which the action is commenced is not in a county of preferred venue, the case may be transferred to a court of preferred venue meeting the criteria listed in T.R. 75(A)(1)(9). Ind. Trial Rule 75(B).
The relevant principal governmental offices of the state of Indiana are all located in Marion County. The principal governmental offices of the defendants are located in Jasper County. Thus, both of these counties hold preferred venue status. See T.R. 75(A)(5) (preferred venue in county where principal office of governmental organization located).
Judge Monfort contends, however, that Lake County also holds preferred venue status. To support his position, he points first to the differences between IND.CODE § 34-4-16-1 (1993 Ed.) and its recently amended version, IND.CODE § 34-4-16-1.1 (1995 Supp.). IND.CODE § 34-4-16-1, governing contract claims against the state of Indiana, previously conferred jurisdiction upon the superior court of Marion County. The recodified version is now silent as to jurisdiction. See IND.CODE § 34-4-16-1.1. Because of this omission by the legislature, he argues, when the state of Indiana is a party, venue is preferred in every county in the state. However, the language of this statute and any inferences to be derived therefrom are not to be construed so as to conflict with the Indiana Trial Rules. See IND.CODE § 34-5-2-1 (as between conflicting statutes and rules of Indiana Supreme Court dealing with procedural matters, supreme court rules control). To construe IND.CODE § 34-4-16-1.1 to create preferred venue status in every Indiana county would abrogate T.R. 75(A)(5) which addresses venue where a governmental agency is a party.
Judge Monfort also maintains the action should stay in Lake County due to T.R. 75(A)(8) applied in conjunction with IND.CODE § 34-4-10-1 (1993 Ed.) (Uniform Declaratory Judgment Act) or IND. CODE § 34-1-10-1 (1993 Ed.) (governing restraining orders and injunctions). T.R. 75(A)(8) grants preferred venue status to:
(8) the county where a claim in the plaintiff's complaint may be commenced under any statute recognizing or creating a special or general remedy or proceeding[.] ...
However, it has already been held that the Uniform Declaratory Judgment Act does not create a basis for preferred venue requirements. *1168 Storey Oil v. American States Ins., 622 N.E.2d 232, 234 (Ind.Ct.App.1993).
IND.CODE § 34-1-10-1 provides, in pertinent part:
Restraining orders and injunctions may be granted by ... the circuit courts in their respective counties ... [I]f such judges be... unable or incompetent to hear and determine the granting of a temporary injunction or restraining order, then any such judge of an adjoining circuit may hear and determine the granting of such temporary injunction or restraining order, and the regular presiding judge in the county where the petition was filed shall hear and determine whether such injunction or restraining order shall be made permanent, and the said courts, in term time, or the judges thereof, in vacation, may, in any county of the circuit, issue restraining orders or injunctions to operate in any other county in the circuit. Provided, That all such petitions shall be filed in the clerk's office in the county in which such writ is prayed for.
(Emphasis added.) As indicated by its language, the statute merely guarantees that a nearby or "adjoining" court will have jurisdiction and will be available to address certain emergency situations in the event that a judge in the circuit, where the original action is filed, becomes incompetent or unavailable for some reason. The statute does not serve to transform a county which would otherwise lack venue under T.R. 75(A) into a county of preferred venue simply because it is an "adjoining" county, an emergency exists, and all the judges in the circuit of proper venue have become unavailable. To the contrary, by providing that the regular presiding judge in the "county where the petition was filed shall hear and determine whether [the] injunction or restraining order shall be made permanent,..."[1] the statute presupposes the cause was filed in a county of preferred venue and will continue there. IND.CODE § 34-1-10-1 (Emphasis added.). As the defendants point out, the statute was not intended to be used as a vehicle for establishing venue in the first instance, as is the case here. T.R. 75(A)(8) does not serve to confer venue on Lake County.
Inasmuch as Lake County does not qualify for preferred venue status under any provision of T.R. 75(A) and the defendants were first to seek a change of venue to Jasper County, a county of preferred venue, the cause must be transferred there. There being error, the decision of the trial court is reversed and remanded for further proceedings consistent with this opinion.
Reversed and remanded.
GARRARD and BARTEAU, JJ., concur.
NOTES
[1] Judge Monfort alleges all the judges in Jasper County are necessarily unable or incompetent because they hold an interest in the legislation at issue. According to him, one Jasper County judge testified before the legislative committee and urged passage of the legislation. He argues the other two county judges have a vested interest in the legislation merely because they are judges of Jasper County. He further asserts that because the legislation initially targeted Jasper County Superior Court No. 1, instead of the court over which he presides, that judge is also intrinsically unable to hear his case. However, as noted earlier, this action could have been filed in Marion County. Relief was also available under Ind. Trial Rule 79(C) which provides for the disqualification of the presiding judge and appointment of a special judge by the Indiana Supreme Court when the judge "(3) is known by the judge to have an interest that could be substantially affected by the proceeding...." T.R. 79(C)(3).