**MERIDIAN MUTUAL INSURANCE COMPANY, Appellant/Defendant,**

v.

**Karen K. HARTER and Henry Harter, Jr., Appellees/Plaintiffs.**

No. 68S04–9609–CV–609.

Supreme Court of Indiana.

Oct. 31, 1996.

Stephen J. Peters, Richard P. Winegardner, Stewart & Irwin, Indianapolis, for Appellant/Defendant.

John T. Cook, Peter D. Haviza, Dane Starbuck, Winchester, for Appellees/Plaintiffs.

## ON PETITION TO TRANSFER

BOEHM, Justice.

This case deals with preferred venue for an action by an insured motorist against the motorist's own insurer for uninsured motorist coverage of injuries from an accident involving the motorist and another who is either uninsured or underinsured. We hold that the county where the accident occurred is a county of preferred venue pursuant to Ind. Trial Rule 75(A)(3).

### I. Facts and Proceedings Below

Plaintiffs, husband and wife, are residents of Randolph County. They were insured by the defendant, Meridian Mutual Insurance Company, ("Insurer") under an automobile policy that included coverage to reimburse them for claims that they may have against uninsured (or underinsured) motorists. Plaintiff Karen Harter was involved in an accident in Randolph County with James Patrick, who had only $25,000 liability coverage. Plaintiffs sued and obtained a judgment against Patrick for $70,000 in favor of Karen and $5,000 in favor of Henry. In this lawsuit, plaintiffs seek the underinsured balance of $50,000 from Insurer. Insurer denied coverage on grounds of late notice to it of its potential involvement as an underinsured motorists carrier.

Plaintiffs sued to recover under their uninsured motorists coverage in the Randolph Circuit Court, asserting preferred venue under Trial Rule 75(A)(3), because that county is where the underlying accident took place. Plaintiffs also asserted preferred venue in Randolph County under Trial Rule 75(A)(4) because the agent who sold plaintiffs the policy had an office in that county, and plaintiffs took the view that the claim arose out of or related to that office. Insurer, headquartered in Marion County, moved to transfer the case to Marion County, asserting that plaintiffs' claims against it arose under the policy, a contract, and therefore that preferred venue lay in the county of its principal office under Trial Rule 75(A)(4). Insurer contended that the agent's office had nothing to do with Insurer's decision to deny coverage and was therefore irrelevant for venue purposes.

The trial court denied Insurer's motion to transfer. The trial court agreed with plaintiffs' contention that the claim "related to" an accident occurring in Randolph County pursuant to T.R. 75(A)(3) or that the claim related to an agent of the defendant out of which the claim arose located in Randolph County, pursuant to T.R.(A)(4). Therefore, the trial court concluded preferred venue lay in Randolph County. Insurer appealed the denial of its motion for transfer of venue and the Court of Appeals reversed, holding that the claims were not within T.R. 75(A)(3) but rather arose under the insurance policy and therefore that preferred venue was proper in Marion County, Insurer's principal office. *Meridian Mut. Ins. Co. v. Harter*, 663 N.E.2d 224 (Ind.Ct.App.1996). The court also held that T.R. 75(A)(4) did not provide preferred venue by reason of the agent's location in Randolph County because the agent was not a defendant.

### II. Preferred Venue

█ It is clear that there may be more than one county of preferred venue for a given lawsuit.[1] This is an example of such a

---

1. T.R. 75(A) permits a plaintiff to bring suit in any county qualifying under subsections (1) though (10). Each county is a county of preferred venue. 4 W. HARVEY, INDIANA PRACTICE § 75.2 at 552 (2d ed. 1991). *See also Jasper County Bd. of County Comm'rs v. Monfort*, 663 N.E.2d 1166, 1167 (Ind.Ct.App.1996) (court determined that two counties have preferred venue status); *Storey Oil Co. v. American States Ins. Co.*, 622 N.E.2d 232, 235 (Ind.Ct.App.1993) (plaintiff may elect to bring suit in any county meeting the rule's criteria and each county is a county of preferred venue).

situation. The Court of Appeals was correct in concluding that preferred venue may lie in Marion County because "the principal office of a defendant" (in this case the only defendant) is in that county. The Court of Appeals is also correct, although for somewhat different reasons, that preferred venue was not conferred by reason of the presence of the agency in Randolph County.[2]

■ That is not the end of the matter, however. Ind. Trial Rule 75(A) provides that an action may be filed in any county of preferred venue. Only if the court in which the action is commenced is not in a county of preferred venue, may the case be transferred to a court of preferred venue meeting the criteria listed in T.R. 75(A)(1)–(9).[3] *Jasper County Bd. of County Comm'rs v. Monfort,* 663 N.E.2d 1166, 1167 (Ind.Ct.App.1996). If plaintiffs properly filed their complaint in a county of preferred venue, the trial court had no authority to transfer the case to a different county on preferred venue grounds.[4] *Conner Ins. Agency, Inc. v. Frericks,* 634 N.E.2d 84, 85 (Ind.Ct.App.1994).

■ Ind.Trial Rule 75(A)(3) provides for preferred venue in "the county where the accident or collision occurred, if the complaint includes a claim for injuries relating to the operation of a motor vehicle …;" This does not require that the claim "arise from" the accident as opposed to arising from the policy. All it demands is that the claim be (1) for injuries and (2) relate to the operation of a vehicle. Although less clear as a matter of the syntax of the rule, the term "the accident or collision" obviously refers to the nature of the claim and serves to impose a third requirement that the claim "relate to" an accident or collision occurring in the county. Plaintiffs' claim meets these tests. It is plainly a claim for injuries, and it relates to an accident or collision occurring in Randolph County involving the operation of a motor vehicle.

We believe that this construction of the rule is consistent with, if not demanded by, the language of the rule. It also comports with the underlying philosophy of preferred venue. It is clear that the rule contemplates that people who operate vehicles in various parts of this state can expect to litigate any resulting accidents or collisions in those locales. Their insurers can expect to find themselves in litigation wherever their insureds' vehicles take them. There is nothing unreasonable in permitting any resulting underinsured motorist issues to go forward where the accident occurred, which is presumably where the testimony of witnesses, obtaining of police reports, and jury views are most easily arranged. A contrary rule produces a lawsuit over an accident in a remote county based solely on the location of the insurer's home office, notwithstanding that the insurer has frequently, as in this case, elected to do business with insureds throughout the state and routinely defends its insureds in many counties.

■ Insurer contends that witnesses as to the issue here—denial of coverage—are all in the county of its home office. Presumably plaintiffs will have their side of this story, including the issue of whether and to what extent any delays in notice to defendant create a defense to coverage. But even if defendant's point is well taken in this case, as a general proposition litigation over underinsured motorists coverage can and often will

---

**2.** Insurer seems to concede that the "agency" that sold the policy to plaintiffs is an "agent" of defendant for purposes of T.R. 75(A)(4). Assuming this to be true, the Court of Appeals was not correct in suggesting that the provisions of T.R. 75(A)(4) referring to "office or agency" of a defendant requires that the agent, if a separate corporate or unincorporated entity, be named as a defendant. It is sufficient that a named defendant had an agency in the county if the other terms of T.R. 75(A)(4) are met. Because no wrongdoing or even involvement of the agency in Randolph County is alleged, however, the ultimate conclusion of the Court of Appeals is correct that the agency did not create preferred venue because the agency, which sold the policy and did nothing with respect to this coverage dispute, is not one "to which the claim [for breach of contract by denying coverage] relates or out of which the claim arose." T.R. 75(A)(4).

**3.** T.R.75(A)(10), by its own terms, is applicable only when T.R. 75A(1)–(9) do not provide preferred venue.

**4.** There may, of course, be other grounds for a transfer. *See, e.g.,* Ind.Trial Rule 20 (permissive joinder of parties); and Ind.Trial Rule 76 (change of venue).

involve disputes over whether the insurer was adequately notified of the underlying claim, whether there was adequate insurance, etc., all of which are at least as conveniently litigated in the venue of the underlying incident. And a variety of issues relating to the conduct of the original trial can be imagined to be relevant to many such disputes. The balance of convenience, even if it were an explicit factor, is not sufficient to disturb the plaintiffs' selection of a forum that meets preferred venue requirements.

### III. Conclusion

In sum, we conclude that the trial court was correct in finding preferred venue in Randolph County and therefore grant transfer, vacate the opinion of the Court of Appeals, and remand to the trial court for further proceedings.

SHEPARD, C.J., and DICKSON, SULLIVAN and SELBY, JJ., concur.