## RISNER *v.* GIBBONS.

[No. 19,931. Filed March 24, 1964. Rehearing dismissed April 13, 1964.]

*Thomas L. Davis*, of Indianapolis, for appellant.

*Robert G. Robb, James E. Rocap, Jr.*, and *Rocap, Rocap, Reese & Robb*, of Indianapolis, for appellee.

MOTE, J.—Prior to the time of trial on the issues formed by the pleadings to recover from the appellant property damages resulting from an automobile collision, appellant filed his plea in abatement in which it was stated that the appellee was not the real party in interest but, on the other hand, such real party was State Farm Mutual Insurance Company, who had paid all but fifty ($50.00) dollars deductible on an insurance policy to the said appellee by virtue of her collision loss. The issues thus tendered by said plea in abatement were submitted to the court on the following stipulation of facts:

> "On March 14, 1959, on Indiana Route No. 17, near Plymouth, Indiana, there was a collision between an automobile owned and operated by Bonnie Lee Gibbons, and an automobile owned and operated by Boyd Risner; that at the time of said collision there was in full force and effect a policy

of insurance between Bonnie Lee Gibbons and State Farm Mutual Automobile Insurance Company, whereby the State Farm Mutual Automobile Insurance Company was to pay any collision loss in excess of $50.00 sustained by the automobile of Bonnie Lee Gibbons; that thereafter such payment was made by determining that the value of her automobile was in the amount of $1,100.00, of which $50.00 represented the deductible portion to be paid by Bonnie Lee Gibbons and $1,050.00 represented the payment made by State Farm Mutual Automobile Insurance Company under the provisions of its collision insurance policy with Bonnie Lee Gibbons; that thereafter the State Farm Mutual Automobile Insurance Company notified the Protective Insurance Company, insurers of Boyd Risner, of the fact that payment had been made under the provisions of the collision insurance with Bonnie Lee Gibbons, stating the amount of their payment and making claim against the Protective Insurance Company, insurers of Boyd Risner, for their subrogated interest; that in the correspondence between the State Farm Mutual Automobile Insurance Company and the Protective Insurance Company it was shown that there was a payment made by the State Farm Mutual Automobile Insurance Company in the amount of $1,050, and that there was salvage in the amount of $278.00, making a net loss of $772.00 on behalf of State Farm Mutual Automobile Insurance Company; that thereafter after having been apprised of the subrogated interest of the State Farm Mutual Automobile Insurance Company, the Protective Insurance Company on June 20, 1960, made a payment to Bonnie Lee Gibbons, State Farm Mutual Automobile Insurance Company's insured, in the amount of $75.00, and took a release of all claims from her, wherein in the release it is stated, 'It is agreed and understood that this release shall be valid and binding only when my interests which have been subrogated to State Farm Mutual Auto Insurance Company have been fully paid,' and that as consideration for said release, Claim Draft No. 4749 of the Protective Insurance Company in the amount of $75.00, was issued to Bonnie Lee Gibbons.

"The parties also hereby stipulate that Attorney Joseph Schmitt, was not personally employed by Bonnie Lee Gibbons."

Plaintiff's Exhibit 1 and defendant's Exhibits A, B and C were attached to the said stipulation. Appellant's plea in abatement was overruled and the cause went to trial on the merits of the claim asserted in the complaint, after defendant's affirmative answer in bar that the nominal plaintiff, to-wit: appellee Bonnie Lee Gibbons, was not the real party in interest, had been stricken from the file on appellee's motion.

There is no question raised concerning the merits of the judgment rendered by the trial court in behalf of the appellee, in the sum of eight hundred ($800.00) dollars, together with costs for appellee's property damage loss. A motion for new trial was filed and overruled, resulting in this appeal, in which appellant assigns as error three specifications, all of which are argued together. However, appellant concedes that the only real questions involved are whether the court erred in overruling defendant's plea in abatement and striking out its affirmative answer in bar; that the nominal plaintiff was not the real party in interest.

The question in this appeal heretofore has been remarked upon by our Indiana courts. However, it does seem that the law thus far established on the particular question involved is not as clear as it might be.

In the case before us after appellee's insurer, State Farm Mutual Insurance Company, had settled with its assured, appellee herein, for all of her property loss, except the fifty ($50.00) dollars deductible and any other claim which she might assert against appellant, appellant's insurance company paid to the appellee the sum of seventy-five ($75.00) dollars and

took from her what may be considered to be a standard form of release, with an insertion therein as follows:

"It is agreed and understood that this release shall be valid and binding only when my interests which have been subrogated to State Farm

Mutual Auto Ins. Co. have been fully paid."
This release, with the above insertion therein, defendant's Exhibit A, was attached to the stipulation and considered by the court on appellant's plea in abatement. Also attached to the stipulation was defendant's Exhibit B which is a photostatic copy of a claim draft issued to appellee in the sum of seventy-five ($75.00) dollars, which was endorsed and negotiated by the payee and appellee under the following:

"The endorsement of this draft constitutes a release and receipt in full payment of the account as stated herein."

The face of the claim draft contains the following:

"when properly endorsed on the back hereof, this draft becomes and constitutes a release in full for the payment of: any and all claims"

§2-201, Burns' 1946 Replacement, reads in part as follows:

"Every action must be prosecuted in the name of the real party in interest, . . ."

There is reason to believe that so long as the assured maintains any interest in a claim he is a proper party in interest and may maintain litigation in his own name, or such litigation may be maintained in the assured's own name. It does appear, however, that where the assured has had a full and complete settlement with said insurance company

he no longer is a proper party in interest and such litigation must be maintained in the name of the assured's assignee and subrogee. This statement is supported by *Williamson* v. *Purity Bakeries of Indiana, Incorporated* (1935), 101 Ind. App. 441, 193 N. E. 717; *John A. Boyd Motor Company* v. *Claffey* (1932), 94 Ind. App. 492, 165 N. E. 255.

In *Powers et al.* v. *Ellis* (1952), 231 Ind. 273, 108 N. E. 2d 132, Judge Gilkison, in speaking for our Supreme Court and citing a number of authorities, among other things, said:

"As before noted it has been held in this state that this statute" (above noted) "was enacted to protect a defendant from being again harassed from the same cause. But if he is not denied any just set-off or counter-claim against the demand, and a judgment for the party suing will fully protect him when discharged, then his concern is at an end. This is the test as to whether such a defense is properly interposed, and as to whether the plaintiff is the real party in interest. . . .

Again, it was said in the *Powers* case:

"It has been held by our courts that an answer by a wrongdoer averring that the plaintiff in an action ex delicto received insurance indemnity covering a part of all of the loss sustained is not good either as a set-off, in bar, or in mitigation. *The Lake Erie and Western Railroad Company* v. *Griffin, supra,* at page 50, 35 N. E. 396, 52 Am. St. Rep. 465. The general rule is that where the loss exceeds the amount of insurance paid, the insured may sue in his own name and recover the full amount of the loss, the question of the distribution of the proceeds being a matter between the insured and the insurer only. 46 C. J. S. *Insurance,* § 1209, pp. 152, 172 (c). 29 Am. Jur. *Insurance,* §1344, pp. 1005, 1006. *Mullins* v. *Bolinger* (1944), 115 Ind. App. 167, 171, supra, and cases cited. *Illinois C. R. Co.* v. *Hicklin,* (1909), 131 Ky. 624, 628, 115 S. W.

752, 23 L. R. A. 870. *Manley* v. *Park* (1904), 68 Kan. 400, 401, 66 L. R. A. 967."

What is the law with respect to who is the real party in interest? We glean from all the authorities which we have considered that to satisfy the statute above cited and quoted, the plaintiff must have some interest in the litigation. If he has had full settlement by his insurance company we think it is obvious that he has no interest in a claim and that he would not be the real party in interest. In such event his assignee or subrogee ought to be the party plaintiff, and if there is any doubt about the standing of the one who subrogates or assigns his entire interest to another, one standing in such position could be made a party defendant, thus to answer to his interests.

But we do not have such a situation in the case on appeal. The insertion quoted in the release above referred to indicates to us, despite the language contained in the claim draft and the endorsement, that appellee's settlement and release of Boyd Risner, appellant, through his insurance company, recognized the claim of State Farm Mutual Automobile Insurance Company under subrogation and that the said release by the very language of the insertion was to become "valid and binding only when my interests (appellee's) which have been subrogated to State Farm Mutual Auto Ins. Co. have been fully paid." After the execution of said release by appellee he still maintained and reserved a sufficient interest in the litigation to protect his insurance carrier, thus enabling it to bring suit in the name of its assured. This interpretation, it seems to this court, fully will protect all those rightly to be protected.

The contention of error by appellant is not well taken and the judgment is affirmed.

Hunter, P. J., and Kelley, J., concur.

Pfaff, J., concurs with result.

NOTE.—Reported in 197 N. E. 2d 184.