Pete H. STEURY, Appellant (Plaintiff),

v.

NORTHERN INDIANA PUBLIC
SERVICE COMPANY, INC.,
Appellee (Defendant).

No. 35A02–8606–CV–218.

Court of Appeals of Indiana,
Second District.

July 14, 1987.

J. Timothy McCaulay, Helmke, Beams, Boyer & Wagner, Fort Wayne, for appellant.

Alan Verplanck, Thomas A. Herr, Barrett & McNagny, Fort Wayne, for appellee.

## CASE SUMMARY

BUCHANAN, Judge.

Plaintiff-appellant Pete H. Steury (Steury) appeals the trial court's grant of summary judgment for defendant-appellee Northern Indiana Public Service Company (NIPSCO), claiming that the trial court erred in determining that Steury had no standing to bring this cause of action.

We reverse.

## FACTS

The facts most favorable to the non-moving party indicate that Steury, a contractor, entered into a written contract with G. William Worl and Linda L. Worl [hereinafter collectively referred to as the Worls] to build a residential building on certain real estate owned by the Worls. Under the terms of the contract, Steury was to bear the risk of casualty losses to the improve-

ments being constructed on the real estate. The contract provided in pertinent part:

> "6. Fire and other casualty insurance. During the construction of the improvements and until completion, Builder shall bear the risk of casualty losses to the improvements being constructed on the real estate, except that Builder shall be released from such risk to the extent that any such losses are paid by the insurer or insurers issuing a policy or policies covering such losses. Builder may, and at the written request of Owners shall, obtain insurance insuring against loss by fire and other causes customarily included within an 'extended coverage' form of insurance policy (including in any event vandalism, malicious mischief and any other coverage specifically requested by Owners). Premiums for any policy or policies shall be paid by Builder. Builder represents and agrees that the Contract Price includes, in respect of such premiums, only the amount of such premiums, without any allowance for overhead, profit or any other add-on in respect of such premiums. The insurance shall be maintained in the name of Builder and Owners and be payable to the parties as their interest may appear. All monies collected on such insurance shall be applied to rebuilding or reconstruction of the improvements."

*Record* at 26. Steury obtained insurance, but the insurance was in the name of Steury and his wife as "tenants" of the home. The insurance policy did not include the Worls as named insureds.

During construction of the residence, an explosion occurred and the residence was damaged. Steury filed suit against NIPSCO alleging that a gas line fracture, explosion, and the resulting damages were caused by the negligence of NIPSCO. Steury alleged in his complaint, with respect to his interest in the property:

> "4. That under the terms of the agreement by and between the Plaintiff and the WORLS, Plaintiff was to bear the risk of casualty losses to the improve-

ments being constructed on the real estate during the construction of the improvements and until completion."

*Record* at 6.

## ISSUE

Steury raises one issue for our review: Does Steury have standing to bring this cause of action against NIPSCO?

## DECISION

PARTIES' CONTENTIONS—Steury contends that he can subrogate to the rights of the Worls and acquires standing to bring a negligence cause of action against NIPSCO because of his legal obligation under the construction contract to bear the risk of casualty losses.

NIPSCO responds that no subrogation rights exist because the insurance carrier's payment to Steury for the loss was voluntary because Steury had no insurable interest in the damaged property. Specifically, NIPSCO alleges that Steury was only insured under the policy to the extent of his interest as a tenant of the property.

CONCLUSION—The trial court did err in determining that Steury lacked standing to bring the cause of action against NIPSCO.

As a contractor who is primarily liable under a construction contract for casualty losses, Steury gains status as a real party in interest because he is entitled to be subrogated to the rights of the Worls. The doctrine of subrogation may be invoked in favor of persons who are legally obligated to pay for a loss caused by another's tort. 73 AM.JUR.2D *Subrogation* § 38 (1974); 83 C.J.S. *Subrogation* § 16 (1953). However, the person who pays the debt must not be a mere volunteer, but payment must have been made under compulsion or for the protection of some interest. *State ex rel. Board of Comm'rs v. Kaufman* (1917), 186 Ind. 602, 117 N.E. 643; *see also* 16 G. COUCH, CYCLOPEDIA OF INSURANCE LAW § 61:55 (1983).

NIPSCO's argument regarding the voluntariness of the insurance carrier's payment of the loss is misdirected. This cause of action is not brought in the name of the insurance carrier. Whether the insurance carrier's payment to Steury was voluntary is irrelevant. The transcendent fact is that Steury was obligated to bear the risk of casualty loss under the construction contract. Any rebuilding or reconstruction of the Worls' home by Steury was under compulsion and not performed as a volunteer. The source of the funds for rebuilding does not taint Steury's legal obligation. Neither is Steury's legal obligation defeated by his own failure to procure the proper insurance as required by the construction contract. *See* 6 I.L.E. *Contracts* § 235 (1958).

Finally, Steury may enforce his right to subrogation as he was not released from his obligations under the construction contract. When the amount of a loss exceeds the insurance, the insured may sue in his or her own name and recover the full amount of the loss, the question of the distribution of the proceeds being a matter between the insurer and insured only. *Risner v. Gibbons* (1964), 136 Ind.App. 45, 197 N.E.2d 184; 16 I.L.E. *Insurance* § 394 (1959). In *Risner,* the insured motorist was entitled to bring the suit in her name when all but $50 was paid to her under her deductible policy. Although paragraph six of the construction contract released Steury from the risk of casualty losses to the extent that the losses were paid by the insurer, the insurance policy did not completely cover the loss but contained a $100.00 deductible. *Record* at 29. Thus, Steury could sue in his own name and recover the full amount of the loss, distributing a proportion of the proceeds to the insurer.

For these reasons, the trial court erred in determining that Steury lacked standing to bring this cause of action against NIPSCO as Steury acted under compulsion for the protection of his obligation under the contract and was therefore entitled to be subrogated.

Reversed.

SULLIVAN, J. concurs.

MILLER, J. concurs.