**Pete H. STEURY, Appellant (Plaintiff),**

v.

**NORTHERN INDIANA PUBLIC SERVICE COMPANY, INC., Appellee (Defendant).**

**No. 35A02–8606–CV–218.**

Court of Appeals of Indiana, Second District.

March 31, 1988.

J. Timothy McCaulay, Helmke, Beams, Royer & Wagner, Fort Wayne, for appellant.

Alan Verplanck, Thomas A. Herr, Barrett & McNagny, Fort Wayne, for appellee.

ON REHEARING

BUCHANAN, Judge.

NIPSCO seeks rehearing from our decision in *Steury v. Northern Indiana Pub. Serv. Co.* (1987), Ind.App., 510 N.E.2d 213. In our opinion, we concluded that summary judgment was inappropriate because a contractor, under certain factual circumstances, could be subrogated to the rights of the homeowners in a negligence action against NIPSCO when the home was damaged by an explosion allegedly due to a gas line fracture.

NIPSCO argues on rehearing that the right of subrogation does not arise unless the claim of the homeowners is entirely paid. Assuming that payment is required, our reversal of summary judgment for NIPSCO stands because the facts do not completely resolve this issue. *See Creighton v. Caylor-Nickel Hosp.* (1985), Ind. App., 484 N.E.2d 1303, *trans. denied; Stuteville v. Downing* (1979), 181 Ind.App. 197, 391 N.E.2d 629. An inference arises from the facts before us, albeit conflicting, that Steury may have rebuilt or reconstructed the Worls's home in satisfaction of their claim. So, if doubt remains as to the existence of this material fact, or if inferences are conflicting, it must be resolved against NIPSCO, the moving party. *See Sink & Edwards, Inc. v. Huber, Hunt & Nichols, Inc.* (1984), Ind.App., 458 N.E.2d 291, *trans. denied.*

Rehearing denied.

MILLER, P.J., concurs.

SULLIVAN, J., concurs with separate opinion.

OPINION ON REHEARING

SULLIVAN, Judge, concurring.

The sole question resolved by our earlier opinion was whether Steury had standing

to bring the action against NIPSCO. We, properly I think, answered in the affirmative. We did not decide the extent of Steury's interest in the damaged premises, nor the extent, if any, of Steury's permissible recovery.

As NIPSCO concedes in its Petition for Rehearing, Steury had a standing-conferring interest, at least to the extent of the $100 deductible which was not paid under the insurance policy in question.

Subject to this caveat, I concur in the denial of the Petition for Rehearing.