**WESTERN SALES & SERVICE, INC., Appellant–Plaintiff,**

v.

**FORD MOTOR COMPANY, Appellee–Defendant.**

**No. 91A02–9011–CV–706.**

Court of Appeals of Indiana, Second District.

Aug. 19, 1991.

John S. Damm, Miller, Tolbert, Muehlhausen, Muehlhausen & Groff, Logansport, for appellant-plaintiff.

Michael A. Wukmer, Ice, Miller, Donadio & Ryan, Indianapolis, for appellee-defendant.

SHIELDS, Judge.

Western Sales & Service, Inc. (Western) appeals the trial court's favorable determination of Ford Motor Company's motion for preferred venue.

We affirm.

### ISSUE

The issue on appeal is the definition of the "principal office" for purposes of preferred venue under Ind.Trial Rule 75(A)(4).

### FACTS

Western sued Ford Motor Company (Ford) in White County, Indiana for breach of contract arising out of the sale of a specially-ordered Ford truck. Ford filed a Motion to Transfer Venue Pursuant to Trial Rule 75(B) arguing that Ford had a principal office in Marion County, Indiana and, therefore, Marion County was the

county of preferred venue. Ford supported its motion with an affidavit which asserted that Ford Motor Company has a principal office only in Marion County, Indiana. Western responded with a certified copy of Ford's annual corporate report which reported Ford's principal office as being in Dearborn, Michigan. The trial court granted Ford's motion and ordered venue transferred to Marion County.

## DISCUSSION

■ Ford asserts Marion County is the county of preferred venue because its only principal office in Indiana is in Marion County. Pursuant to T.R. 75(A)(4), preferred venue lies in "the county where . . . the principal office of a defendant organization is located. . . ." In response, Western asserts the definition of the phrase "principal office" as set forth in the Indiana Business Corporation Law [1] applies because the Indiana Trial Rules do not define the phrase. "Principal office," so defined, is "the office (in or out of Indiana) so designated in the annual report where the principal executive offices of a domestic or foreign corporation are located." IC 23–1–20–19 (1988). Therefore, according to Western, because Ford does not have a principal office in Indiana, preferred venue lies in White County pursuant to T.R. 75(A)(10).[2]

Western's argument that "principal office" should be defined as the phrase is defined in the Indiana Business Corporation Law (IBCL) is appealing because a dispute could never arise as to which of several offices is the "principal office" of a particular corporation. Nevertheless, we reject Western's argument. IC 23–1–20–19 is a legislative enactment while T.R. 75 is a rule adopted and promulgated by the Indiana Supreme Court.[3] In particular, T.R. 75(D) provides:

Any provision of these rules and any special or general statute relating to venue, the place of trial or the authority of the court to hear the case shall be subject to this rule, and the provisions of any statute fixing more stringent rules thereon shall be ineffective. No statute or rule fixing the place of trial shall be deemed a requirement of jurisdiction.

Therefore, the legislative definition of "principal office" found in the IBCL is not controlling.

■ Instead, we conclude the phrase "principal office" as it appears in T.R. 75(A)(4) refers to the most important or main office of an organization. We base this conclusion on the supreme court's use of the term organization in the subsection in question to describe every entity except an individual. "Organization includes a corporation, government or governmental subdivision or agency, business trust, estate, trust, partnership or association, two or more persons having a joint or common interest, or any other legal or commercial entity." *Black's Law Dictionary* 990 (5th ed. 1979). Only a corporation has a legislatively defined "principal office" and there is no reason to assume the supreme court intended the phrase, limited as it is to corporations, to apply to all other forms of organizations. Further, IC 23–1–20–19 was not enacted until 1986, several years after the adoption of T.R. 75. Finally, the purpose of T.R. 75 is to determine the preferred venue in *Indiana*. A reasonable assumption is that when the court used the phrase "principal office" it intended to describe an organization's principal office in Indiana, regardless of whether the organization has another principal office in another state.

The trial court properly granted Ford's motion for preferred venue. Ford's only principal office in Indiana is located in Marion County, Indiana. Therefore, pursuant to T.R. 75(A)(4) preferred venue lies in Marion County. Ind.Trial Rule 75(A)(10),

---

1. IC 23–1–17–1 *et seq.*

2. Ind.Trial Rule 75(A)(10) provides: "Preferred venue lies in . . . the county where either one or more individual plaintiffs reside . . . if the case is not subject to the requirements of subsections (1) through (9) or this subdivision or if all the

defendants are . . . nonresident organizations without a principal office in the state."

3. The Rules of Procedure were adopted July 29, 1969 by an Order of the Indiana Supreme Court.

which determines preferred venue in the event the provisions of T.R. 75(A)(1–9) do not apply, is inapplicable.

Judgment affirmed.

RATLIFF, C.J., and BUCHANAN, J., concur.