**LAKE HOLIDAY CONSERVANCY,**
Appellant–Defendant,

v.

Nicole DAVISON, Appellee–Plaintiff.

No. 49A02–0312–CV–1029.

Court of Appeals of Indiana.

May 10, 2004.

James E. Stephenson, Stephenson, Daly, Morow & Semler, Indianapolis, IN, for Appellant.

Donald D. Levenhagen, Cohen & Malad, LLP, Indianapolis, IN, for Appellee.

## OPINION

BARNES, Judge.

### Case Summary

Lake Holiday Conservancy District ("Lake Holiday") appeals the trial court's denial of its motion to transfer venue. We affirm.

### Issue

The sole issue is whether the trial court properly denied Lake Holiday's motion to transfer venue from Marion County to Montgomery County.

### Facts

Lake Holiday is a local governmental agency that oversees Lake Holiday in Montgomery County. A complaint filed by Nicole Davison alleges that on July 4, 2002, she was struck in the eye by a water balloon fired from a high-velocity slingshot while she was on a boat on the lake. This incident left Davison with a fractured eye socket, a concussion, and permanent damage to her eye. On June 9, 2003, Davison sued Lake Holiday, along with five other defendants who reside in Montgomery County, Hendricks County, or out-of-state.

Davison filed suit in Marion County, her county of residence.

On August 7, 2003, Lake Holiday filed a motion to transfer venue to Montgomery County.[1] The trial court originally granted this motion on August 26, 2003. However, on September 15, 2003, the trial court reconsidered that ruling upon Davison's motion and denied the motion to transfer venue. After seeking and receiving permission from the trial court to initiate a belated interlocutory appeal, Lake Holiday now appeals.

### Analysis

▪ We first note that Davison reiterates an argument made before and denied by the motions panel of this court, namely that Lake Holiday's appeal should be dismissed as being untimely initiated. Davison is free to raise this issue again before this panel. *See Davis v. State*, 771 N.E.2d 647, 649 (Ind.2002). However, we agree with the motions panel's ruling. In the present case, the trial court denied Lake Holiday's motion to transfer venue on September 15, 2003; on November 13, 2003, Lake Holiday filed a motion under Indiana Trial Rule 72(E) seeking an extension of time in which to file a notice of appeal. The trial court granted the motion and gave Lake Holiday until November 22, 2003, to file a notice of appeal. Rule 72(E) provides:

Lack of notice, or the lack of the actual receipt of a copy of the entry from the Clerk shall not affect the time within which to contest the ruling, order or judgment, or authorize the Court to relieve a party of the failure to initiate proceedings to contest such ruling, order or judgment, except as provided in this section. When the mailing of a copy of the entry by the Clerk is not evidenced

---

1. No other defendants joined this motion or in this appeal, although it appears from the chronological case summary that one of the other defendants filed a separate motion to transfer venue.

by a note made by the Clerk upon the Chronological Case Summary, the Court, upon application for good cause shown, may grant an extension of any time limitation within which to contest such ruling, order or judgment to any party who was without actual knowledge, or who relied upon incorrect representations by Court personnel. Such extension shall commence when the party first obtained actual knowledge and not exceed the original time limitation. Here, there is no notation in the trial court's chronological case summary indicating that a copy of the denial of transfer ruling was mailed. Therefore, the trial court was entitled to extend Lake Holiday's time limitation for initiating an appeal "upon application for good cause shown. . . ." *See Collins v. Covenant Mut. Ins. Co.*, 644 N.E.2d 116, 117 (Ind.1994) (addressing extension of time to file praecipe under prior appellate rules). We review a trial court's decision under Rule 72(E) for an abuse of discretion. *See Markle v. Indiana State Teachers Ass'n*, 514 N.E.2d 612, 614 (Ind.1987).

Lead counsel for Lake Holiday filed a sworn affidavit with the trial court asserting that he received no notice of the trial court's September 15, 2003 ruling until October 23, 2003, when he learned of it through Davison's counsel. It does appear that a copy of the ruling was mailed to another attorney from a different firm who had originally made an appearance for Lake Holiday at the outset of the case, but who has not participated in the litigation of this case and who did not inform lead counsel of the ruling.[2] We note that although attorneys have a general duty to regularly check the court records and monitor the progress of pending cases, they are entitled to rely upon notification by the clerk of trial court rulings pursuant

to Indiana Trial Rule 72(D). *Slay v. Marion County Sheriff's Dep't.*, 603 N.E.2d 877, 883 (Ind.Ct.App.1992), *trans. denied* (1993). "Further, the law is well-settled that '[w]here the record reasonably permits, we prefer to dispose of appeals on their merits.'" *Id.* at 883–84 (quoting *Swain v. Swain*, 565 N.E.2d 1134, 1135 (Ind.Ct.App.1991)). Given the trial court clerk's failure to mail a copy of the September 15, 2003 ruling to Lake Holiday's counsel who was directing the litigation of this action, we do not believe the trial court abused its discretion in allowing it to initiate this belated appeal.

Turning to the merits of the appeal, Lake Holiday argues that Marion County is not a preferred venue for this cause of action and, therefore, the trial court was required to transfer the case to Montgomery County upon Lake Holiday's request. We review a trial court's order on a motion to change venue for an abuse of discretion. *Bostic v. House of James, Inc.*, 784 N.E.2d 509, 510–11 (Ind.Ct.App. 2003), *trans. denied.* "An abuse of discretion occurs when the trial court's decision is clearly against the logic and effect of the facts and circumstances before the court, or when the trial court has misinterpreted the law." *Id.* at 511.

Indiana Trial Rule 75 exclusively governs venue requirements in Indiana. *Id.* at 510. Rule 75(A) allows a case to be filed initially in any county and provides:

Any case may be venued, commenced and decided in any court in any county, except, that upon the filing of a pleading or a motion to dismiss allowed by Rule 12(B)(3), the court, from allegations of the complaint or after hearing evidence thereon or considering affidavits or documentary evidence filed with the motion or in opposition to it, shall order the

---

**2.** This other attorney has not signed any pleadings or motions in this case.

case transferred to a county or court selected by the party first properly filing such motion or pleading if the court determines that the county or court where the action was filed does not meet preferred venue requirements or is not authorized to decide the case and that the court or county selected has preferred venue and is authorized to decide the case.

■ Preferred venue is determined by reference to subsections (1)-(9) of Rule 75(A). *Bostic,* 784 N.E.2d at 511. Rule 75(A) does not favor any of these subsections over another, and if the suit is initially filed in a county of preferred venue, a transfer of venue motion cannot be granted. *Id.* Conversely, "if the initial court is not a preferred venue, the action must be transferred to a preferred venue under the criteria listed in the rule." *Id.* If no county of preferred venue is established under Rule 75(A)(1)-(9), then preferred venue may be established under Rule 75(A)(10). *Id.* Although it is not a statute but a procedural rule, in construing Rule 75 we apply "the cardinal rule of statutory construction that 'a statute clear and unambiguous on its face need not and cannot be interpreted by a court.'" *Id.* (quoting *Storey Oil Co., Inc. v. American States Ins. Co.,* 622 N.E.2d 232, 235 (Ind.Ct.App. 1993)).

■ Rule 75(A)(5) provides that preferred venue may be located in:

the county where either one or more individual plaintiffs reside, the principal office of a governmental organization is located, or the office of a governmental organization to which the claim relates or out of which the claim arose is located, if one or more governmental organizations are included as defendants in the complaint....

On its face, this subsection establishes that Marion County is a preferred venue for this cause of action. It provides for three possible venues whenever a governmental organization is named as a defendant in a complaint: an individual plaintiff's county of residence, or the county where the governmental organization's principal office is located, or if a claim relates to something arising at a specific, non-principal office of a governmental organization, then the county where that office is located. Lake Holiday, a governmental organization, is included as a defendant in Davison's complaint; Davison is an individual plaintiff and resides in Marion County. Marion County is a preferred venue under the plain language of Rule 75(A)(5).

Lake Holiday urges us to adopt a construction of Rule 75(A)(5) whereby an individual plaintiff suing a governmental organization is entitled to have his or her county of residence be a preferred venue only if the principal office of the governmental organization is also located in the same county. Essentially, Lake Holiday argues that the word "and" should be added to the rule so that it provides that preferred venue lies in a county where "one or more individual plaintiffs reside *and* the principal office of a governmental organization is located, or the office of a governmental organization to which the claim relates or out of which the claim arose is located...." Under Lake Holiday's proposed construction, there are only two possible preferred venue locations under Rule 75(A)(5), not three.

■ It may be that Rule 75(A)(5) is not perfectly drafted, in that there is no conjunction between "one or more individual plaintiffs reside" and "the principal office of a governmental organization," but there is an "or" before "the office of a governmental organization to which the claim relates or out of which the claim arose...." Nevertheless, we believe that "or" is clear-

ly implied between "one or more individual plaintiffs reside" and "the principal office of a governmental organization...." To hold otherwise would be to place a strained construction on the language of the rule not only by adding a word, "and," that does not appear elsewhere in the rule, but also by requiring us to delete the comma between "one or more individual plaintiffs reside" and "the principal office of a governmental organization...." We must give due regard to punctuation when construing a rule or statute. *Murphy v. State,* 414 N.E.2d 322, 324 (Ind.Ct.App.1980). Additionally, we deem all language in a rule or statute to have been used intentionally and we should strive to give effect and meaning to all of it. *See Union Township School Corp. v. State ex rel. Joyce,* 706 N.E.2d 183, 191 (Ind.Ct.App.1998). Construing Rule 75(A)(5) as having an "or" before "the principal office of a governmental organization" allows the comma to stand, while using the word "and" would require the comma to be deleted for the sentence to make grammatical sense.

 We do acknowledge that we "are not obligated to engage in a debate on the significance of [punctuation]" if doing so will render a rule or statute absurd or produce a result that is repugnant to the apparent intent of the drafters. *See Hill v. State,* 488 N.E.2d 709, 710 (Ind.1986). Lake Holiday argues, "It is not reasonable to conclude that the drafters of T.R. 75(A) meant to confer venue in the county where the plaintiff resides (assuming no other basis for fixing venue in the county exists) only if the plaintiff chooses to sue a governmental entity, but not when the plaintiff sues only private defendants." Appellant's Br. p. 7. To the contrary, it is clear that this is precisely what was intended. The comments to Rule 75(A)(5) state in pertinent part: "This provision properly favors the person bringing suit against a governmental organization, if he or one of the plaintiffs is an individual, by allowing such plaintiff to bring suit in the county of his residence." 1970 Civil Code Study Commission Comment to Rule 75(A)(5) (originally proposed Rule 82(A)(5)). The drafters of Rule 75(A)(5) balanced the equities in cases involving individual plaintiffs and governmental organizations and decided that in such a case, a plaintiff could bring suit in his or her county of residence. Furthermore, nothing in Rule 75(A)(5) limit it to suits against the State of Indiana, as opposed to local governmental organizations such as Lake Holiday; the rule refers to "governmental organization[s]" without limitation. Finally, the application of Rule 75(A)(5) is not limited to cases where *only* a governmental organization or organizations have been sued; the rule clearly applies anytime a governmental organization or organizations *are included* as defendants in the complaint," even if there are other types of defendants as well.

Lake Holiday also contends that construing Rule 75(A)(5) as establishing preferred venue in an individual plaintiff's county of residence anytime he or she sues a governmental organization renders Rule 75(A)(10) superfluous. That rule applies only if subsections (1) through (9) are inapplicable and provides for preferred venue in:

the county where either one or more individual plaintiffs reside, the principal office of any plaintiff organization or governmental organization is located, or the office of any such plaintiff organization or governmental organization to which the claim relates or out of which the claim arose is located, if the case is not subject to the requirements of subsections (1) through (9) of this subdivision or if all the defendants are nonresident individuals or nonresi-

dent organizations without a principal office in the state.

Our construction of Rule 75(A)(5) does not render Rule 75(A)(10) superfluous. Rule 75(A)(5) only provides for venue in an individual plaintiff's county of residence if a governmental entity is sued. Rule 75(A)(10) provides for such venue in cases where non-resident defendants are sued or any of the other provisions of subsections (1) through (9), such as those relating to the location of an accident or the location of property, do not apply.

■ Lake Holiday also suggests that is highly inconvenient and illogical for Davison to bring suit in Marion County, when the accident occurred in Montgomery County and no defendant resides in Marion County. However, "[t]he balance of convenience . . . is not sufficient to disturb [a plaintiff's] selection of a forum that meets preferred venue requirements." *Meridian Mut. Ins. Co. v. Harter*, 671 N.E.2d 861, 864 (Ind.1996). Any complaint about the equity, or alleged lack thereof, of Rule 75(A)(5) must be directed to the Supreme Court Committee on Rules of Practice and Procedure pursuant to Indiana Trial Rule 80. We will not impose a strained construction upon a clear rule in order to reach what Lake Holiday believes is the more reasonable result.

## Conclusion

The trial court did not abuse its discretion in denying Lake Holiday's motion to transfer venue from Marion County to Montgomery County because Marion County is a preferred venue under Indiana Trial Rule 75(A)(5). We affirm.

Affirmed.

MATHIAS, J., concurs.

CRONE, J., concurs and files separate opinion.

CRONE, Judge, concurring.

I concur with the majority's reasoning and result but feel compelled to express my concerns regarding the preferred venue requirements of Trial Rule 75(A)(5). I agree with Lake Holiday that the application of the rule by the trial court in this case creates a highly inconvenient and illogical result. It is unfortunate that Rule 75(A)(5) as written is susceptible to abuse and an unnecessary increase in litigation costs, not just to the taxpayers of local governmental agencies who may be required to pay to defend far from their locales, but also to private defendants who have the misfortune of simply being a party to a lawsuit involving a governmental agency.

Nevertheless, I agree with the majority that the trial court had no choice but to apply the trial rule as written and that there is no logical reading that would permit any other result. In fact, we previously held as much in *Board of Commissioners of Cass County v. Nevitt*, 448 N.E.2d 333 (Ind.Ct.App.1983).