**AMERICAN FAMILY INSURANCE CO., a/s/o Alice Griepenstroh, Appellant–Plaintiff,**

v.

**FORD MOTOR COMPANY, Appellee–Defendant.**

No. 49A02–0507–CV–684.

Court of Appeals of Indiana.

May 30, 2006.

Transfer Granted Sept. 26, 2006.

Jeffrey A. Doty, Buehler Associates, Indianapolis, for Appellant.

Julia Blackwell Gelinas, Lucy R. Dollens, Jeffrey J. Mortier, Locke Reynolds LLP, Indianapolis, for Appellee.

## OPINION

CRONE, Judge.

### Case Summary

American Family Insurance Company ("American Family"), as subrogee of its insured, Alice Griepenstroh, appeals the trial court's grant of a motion for change of venue filed by Ford Motor Company ("Ford"). We reverse and remand.

### Issue

The dispositive issue is whether the trial court abused its discretion in granting Ford's motion for change of venue.

## Facts and Procedural History

The relevant facts are undisputed. Griepenstroh is a resident of Spencer County. On April 15, 2003, Griepenstroh was driving her 2001 Ford Explorer in Spencer County when it caught fire, resulting in damage to the vehicle. Griepenstroh was reimbursed for the damage under her automobile insurance policy with American Family, a company authorized to do business in Indiana. The American Family office that handled Griepenstroh's claim is located in Marion County. On March 14, 2005, as Griepenstroh's subrogee, American Family filed a complaint for damages against Ford in Marion Superior Court based on Ford's failure to reimburse Griepenstroh or American Family and on other alleged breaches of "express or implied warranties applicable to the sale of the vehicle." Appellant's App. at 7.

On April 6, 2005, Ford filed a motion for change of venue pursuant to Indiana Trial Rules 12(B)(3) and 75(A).[1] In its motion, Ford asserted that preferred venue lies in Spencer County because the vehicle fire occurred in Spencer County, Griepenstroh is a resident of Spencer County, and Ford, the sole defendant, is a Delaware corporation with no offices in Indiana. American Family filed a response, and Ford filed a reply. On June 27, 2005, after a hearing, the trial court issued an order granting Ford's motion and transferring the case to Spencer County as the county of preferred venue. This appeal ensued.

## Discussion and Decision

 American Family asserts that the trial court improperly granted Ford's motion for change of venue. Our standard of review is well settled:

We review a trial court's order on a motion to change venue for an abuse of discretion. An abuse of discretion occurs when the trial court's decision is clearly against the logic and effect of the facts and circumstances before the court, or when the trial court has misinterpreted the law.

*Lake Holiday Conservancy v. Davison,* 808 N.E.2d 119, 121 (Ind.Ct.App.2004) (citation and quotation marks omitted).

 "Indiana Trial Rule 75 exclusively governs venue requirements in Indiana." *Id.* Pursuant to Trial Rule 75(A), a case may be tried in any county in Indiana. *Bostic v. House of James, Inc.,* 784 N.E.2d 509, 511 (Ind.Ct.App.2003), *trans. denied.* Trial Rule 75(A) states in pertinent part:

Any case may be venued, commenced, and decided in any court in any county, except, that upon the filing of a pleading or a motion to dismiss allowed by Rule 12(B)(3), the court, from allegations of the complaint or after hearing evidence thereon or considering affidavits or documentary evidence filed with the motion or in opposition to it, shall order the case transferred to a county or court selected by the party first properly filing such motion or pleading if the court determines that the county or court where the action was filed does not meet preferred venue requirements or is not authorized to decide the case and that the court or county selected has preferred venue and is authorized to decide the case.

Trial Rule 75(A) contains ten subsections listing certain criteria under which preferred venue lies. The rule creates no preference among these subsections. *See Bostic,* 784 N.E.2d at 511. "[I]f the initial

---

1. Indiana Trial Rule 12(B)(3) states that a motion may be made for "[i]ncorrect venue under Trial Rule 75, or any statutory provision. The disposition of this motion shall be consistent with Trial Rule 75."

court is not a preferred venue, the action must be transferred to a preferred venue under the criteria listed in the rule." *Id.* "[I]f the suit is initially filed in a county of preferred venue, a transfer of venue will not be granted." *Id.*

American Family asserts that Marion County is a preferred venue under Trial Rule 75(A)(10), which states that preferred venue lies in

> the county where either one or· more individual plaintiffs reside, the principal office of any plaintiff organization or governmental organization is located, or the office of any such plaintiff organization or governmental organization to which the claim relates or out of which the claim arose is located, *if* the case is not subject to the requirements of subsections (1) through (9) of this subdivision *or if* all the defendants are nonresident individuals or nonresident organizations *without a principal office in the state.*

(Emphases added.) American Family notes that Griepenstroh's claim was administered at its Marion County office and that Ford, the sole defendant, is a nonresident organization without a principal office in the state. Thus, American Family argues, preferred venue lies in Marion County, and the trial court abused its discretion in transferring the case to Spencer County.

Ford responds that Trial Rule 75(A)(10) applies if—and only if—preferred venue cannot be established under subsections (1) through (9). Ford cites a string of cases, including two from our supreme court, that arguably support this proposition. *See, e.g., RJR Nabisco Holdings v.*

*Dunn,* 657 N.E.2d 1220, 1222 (Ind.1995) [2] ("[I]f the initial county of filing is not a county of "preferred venue," as defined in the rule, the action may be transferred to a county of preferred venue under the criteria listed in Trial Rule 75(A)(1)-(9), and if there is no county of preferred venue under Trial Rule 75(A)(1)-(9), then preferred venue may be established under Trial Rule 75(A)(10)."); *Meridian Mut. Ins. Co. v. Harter,* 671 N.E.2d 861, 863 n. 3 (Ind.1996) ("[Ind. Trial Rule 75(A)(10) ], by its own terms, is applicable only when [Ind. Trial Rule 75(A)(1)-(9) ] do not provide preferred venue"); *Shelton v. Wick,* 715 N.E.2d 890, 893 (Ind.Ct.App.1999) ("Counties which meet the requirements of subsections (1) through (9) are equally preferred, but a county which meets the requirement of subsection (10) is preferred only when there is no county of preferred venue pursuant to subsections (1) through (9)."), *trans. denied* (2000); *Western Sales & Serv., Inc. v. Ford Motor Co.,* 576 N.E.2d 631, 632–33 (Ind.Ct.App.1991) ("[Defendant] Ford's only principal office in Indiana is located in Marion County, Indiana.[3] Therefore, pursuant to T.R. 75(A)(4) preferred venue lies in Marion County. Ind. Trial Rule 75(A)(10), which determines preferred venue in the event the provisions of T.R. 75(A)(1)-(9) do not apply, is inapplicable."); *Ford Motor Co. v. Paoli Aluminum Fabricating Co.,* 565 N.E.2d 767, 768 (Ind.Ct.App.1990) (stating that Ind. Trial Rule 75(A)(10) "applies only when the other nine subsections do not.") (citation omitted); *Parkison v. TLC Lines, Inc.,* 506 N.E.2d 1105, 1107 (Ind.Ct.App. 1987) ("[I]t is clear that though the provisions of subsections (A)(1) to (A)(9) are equally preferred, subsection (A)(10) is

---

**2.** American Family cites to this Court's opinion in *RJR Nabisco Holdings,* which was vacated upon our supreme court's grant of transfer. *See RJR Nabisco Holdings v. Dunn,*

642 N.E.2d 538 (Ind.Ct.App.1994), *trans. granted* (1995).

**3.** Ford states that it no longer has any offices in Indiana. Appellee's Br. at 4 n. 1.

only secondarily preferred. By its own terms, the tenth subsection applies only when the other nine do not."); *Grove v. Thomas*, 446 N.E.2d 641, 642 n. 1 (Ind.Ct. App.1983) ("If preferred venue cannot be established in subdivisions (1) through (9) of Trial Rule 75(A), the plaintiff may commence suit in the county in which he resides pursuant to Trial Rule 75(A)(10). However, subdivision (10) is not applicable where the other subdivisions fix venue.").[4] Ford contends that preferred venue lies in Spencer County pursuant to subsections (2) and (3) of Trial Rule 75(A)[5] and therefore subsection (10) does not apply.

We disagree for two reasons. First, we observe that none of the cases cited above (and neither of the similar cases we found in our research[6]) specifically involved only defendants who were nonresident individuals or nonresident organizations without a principal office in the state. As such, their statements regarding the applicability of

Trial Rule 75(A)(10) can only be considered dicta on this point. Second, we must adhere to the well-settled principle that "[i]f the language of a rule is clear and unambiguous, it is not subject to judicial interpretation." *Carter–McMahon v. McMahon*, 815 N.E.2d 170, 175 (Ind.Ct. App.2004). Trial Rule 75(A)(10) clearly and unambiguously states that preferred venue lies in the county where the plaintiff organization's office "to which the claim relates or out of which the claim arose is located" under *either* of two conditions: (1) "if the case is not subject to the requirements of subsections (1) through (9)"; *or* (2) "if all the defendants are nonresident individuals or nonresident organizations without a principal office in the state." In this case, preferred venue lies in Marion County because the second condition has been met. Ford's interpretation of Trial Rule 75(A)(10) disregards the plain language of the rule.[7]

4. Contrary to Ford's assertion, *Lake Holiday Conservancy*, 808 N.E.2d 119, does not support its argument. *See id.* at 124 ("Our construction of Rule 75(A)(5) does not render Rule 75(A)(10) superfluous. Rule 75(A)(5) only provides for venue in an individual plaintiff's county of residence if a governmental entity is sued. Rule 75(A)(10) provides for such venue *in cases where non-resident defendants are sued or any of the other provisions of subsections (1) through (9), such as those relating to the location of an accident or the location of· property, do not apply.*") (emphasis added).

5. Those subsections state that preferred venue lies in

(2) the county where the land or some part thereof is located or the chattels or some part thereof are regularly located or kept, if the complaint includes a claim for injuries thereto or relating to such land or such chattels, including without limitation claims for recovery of possession or for injuries, to establish use or control, to quiet title or determine any interest, to avoid or set aside conveyances, to foreclose liens, to partition and to assert any matters for

which in rem relief is or would be proper; or

(3) the county where the accident or collision occurred, if the complaint includes a claim for injuries relating to the operation of a motor vehicle or a vehicle on railroad, street or interurban tracks[.]

Ind. Trial Rule 75(A).

6. *See Pratt v. Pierce*, 713 N.E.2d 312, 315 (Ind.Ct.App.1999) ("If no county of preferred venue is established under T.R. 75(A)(1)-(9), then preferred venue may be established under Trial Rule 75(A)(10)."); *Humphrey v. Christopher*, 692 N.E.2d 932, 935 (Ind.Ct.App. 1998) (stating that Ind. Trial Rule 75(A)(10) "only allows preferred venue in the county where the plaintiff resides when preferred venue is not established under subsections (1) through (9).").

7. Indeed, Ford's interpretation substantially changes the wording of the rule. *See* Appellee's Br. at 6 ("Subsection (10) only applies if: preferred venue does not exist under subsections (1) through (9); or *if preferred venue does not exist under subsections (1) through (9) and* all of the defendants are nonresident indi-

Ford contends that even if we disagree with its interpretation of the rule, preferred venue cannot lie in Marion County because American Family filed suit as the subrogee of Griepenstroh, a resident of Spencer County. Ford notes that a subrogee is " '[o]ne who is substituted for another in having a right, duty, or claim. An insurance company frequently becomes a subrogee after paying a policy claim ....' " Appellee's Br. at 9 (quoting *Martinez v. Belmonte,* 765 N.E.2d 180, 185 n. 6 (Ind.Ct.App.2002)) (quoting BLACK'S LAW DICTIONARY 1441 (7th ed.1999)) (alteration in *Martinez* ). A subrogor, on the other hand, is " '[o]ne who allows another to be substituted for oneself as creditor, with a transfer of rights and duties.' " *Id.* (quoting BLACK'S LAW DICTIONARY at 1441) (alteration in *Martinez* ). The subrogee insurer " 'stands in the same position as the subrogor, for one cannot acquire by subrogation what another, whose rights he claims, did not have.' " *Erie Ins. Co. v. George,* 681 N.E.2d 183, 186 (Ind.1997) (citation omitted). Ford asserts that Griepenstroh's county of preferred venue is Spencer County and therefore "[a]ny subrogee of Griepenstroh's claim does not, and cannot, acquire rights to bring the action in a different county of preferred venue." Appellee's Br. at 9.[8]

Initially, we observe that Ford cites no authority regarding the existence of a "right" to preferred venue. "A party waives any issue for which it fails to develop a cogent argument or support with adequate citation to authority." *Steiner v. Bank One Indiana, N.A.,* 805 N.E.2d 421, 429 n. 6 (Ind.Ct.App.2004). Instead, Ford raises the specter of subrogees "forum

shopping" and soliciting claims against out-of-state defendants "for the sole purpose of bringing the action in [a] 'favorable' forum." Appellee's Br. at 9, 10. Ford also laments that

American would have this action proceed in Marion County—where there is no connection with the events giving rise to the action, nor the witnesses. In fact, American Family—the insurer arguably discharged with the duty of protecting its own insured and key witness in this matter—is wholly discounting the hardship a Marion County action will have on the insured (Griepenstroh) for attendances at depositions, trial, etc.

American Family also ignored the hardship on other potential occurrence witnesses, including any eye-witnesses, firefighters, law enforcement personnel, and towing company employees—all of whom are located in Spencer County. Having the action proceed in Marion County simply because the insurance company, who is bringing an action as a subrogee of its insured, has an office in Marion County is an inconvenient result, contravening what American Family admits is the "spirit" of Rule 75—convenience.

*Id.* at 10.

We find these policy arguments unpersuasive. Trial Rule 75(A) allows both plaintiffs and defendants to seek favorable forums within certain limits, and American Family undoubtedly investigated Griepenstroh's insurance claim in Spencer County before reimbursing her and filing suit against Ford in Marion County. More to the point, Trial Rule 75(A) draws

---

viduals or nonresident organizations without a principal office in the state.") (emphasis added).

**8.** Ford also asserts that "Griepenstroh could not have originally filed suit against Ford" in

Marion County. Appellee's Br. at 9. This is incorrect. *See* Ind. Trial Rule 75(A) ("Any case may be venued, commenced and decided in any court in any county ....").

no distinction between plaintiffs and subrogee-plaintiffs, and we find no basis for drawing a distinction here. *See Carter–McMahon,* 815 N.E.2d at 175 ("[I]n construing a rule, it is just as important to recognize what it does not say as it is to recognize what it does say.").

In summary, we conclude that Marion County is a preferred venue pursuant to Trial Rule 75(A)(10) and that the trial court abused its discretion in granting Ford's motion for change of venue. We therefore reverse and remand for further proceedings.

Reversed and remanded.

FRIEDLANDER, J., concurs.

MAY, J., concurs with opinion.

MAY, Judge, concurring.

Because our opinion reaches the only result our Trial Rules permit, I concur. Nevertheless, I write separately to note my concerns about the possible implications of this result and to suggest modification of Trial Rule 75(A)(10).

Subsection (A)(10) of Trial Rule 75 determines preferred venue because the defendant, Ford, is a "nonresident organization without a principal office in the state." Under that subsection, preferred venue is in "the county where ... the principal office of any plaintiff organization ... is located, or the office of any such plaintiff organization ... to which the claim relates or out of which the claim arose is located ...." T.R. 75(A)(10). Marion County is

the preferred venue in this case because American Family's Marion County Office handled Griepenstroh's claim.

Ford notes Griepenstroh lives in Spencer County and complains Marion County is not the most convenient forum because the accident occurred in Spencer County. Presumably, much evidence and many witnesses will be located there. In light of these facts, I agree with Ford that, in the event this cause goes to trial and witnesses must be presented, Marion County is not the most convenient forum.

Ford next asserts Trial Rule 75(A)(10) would permit, and perhaps even encourage, forum shopping by companies who could maintain offices only in counties known to dispense large verdicts.[9] I agree with Ford there is a possibility of forum shopping under the current language in this Rule, and I find this policy argument sufficiently persuasive to prompt my separate opinion.

Nevertheless, as Judge Crone notes, "Trial Rule 75(A) draws no distinction between plaintiffs and subrogee-plaintiffs." Op. at 324–25. The Rule refers only to "individual plaintiffs" and "plaintiff organizations." *See* T.R. 75(A).

Neither does Trial Rule 17(A), when read in conjunction with Indiana subrogation law, permit us to read such a distinction into the term "plaintiffs" in Trial Rule 75. Trial Rule 17(A) requires: "Every action shall be prosecuted in the name of the real party in interest." In *Risner v.*

---

9. Ford claims those companies could then "solicit claims" against out-of-state organizations that have no principal office in Indiana. (Appellee's Br. at 9.) Because that situation did not occur here, I need not address this argument in detail. However, I note solicitation of claims might prohibit one from being considered the "real party in interest." *See Steury v. Northern Indiana Public Service Co., Inc.,* 510 N.E.2d 213, 214 (Ind.Ct.App.1987)

(Party becomes a real party in interest by being entitled to be subrogated to the rights of another. "The doctrine of subrogation may be invoked in favor of persons who are legally obligated to pay for a loss caused by another's tort. However, the person who pays the debt must not be a mere volunteer ....") (internal citations omitted), *reh'g denied with opinion* 520 N.E.2d 1280 (Ind.Ct.App.1988).

*Gibbons,* 136 Ind.App. 45, 51, 197 N.E.2d 184, 187 (Ind.Ct.App.1964), we explained:

> [T]he plaintiff must have some interest in the litigation. If he has had full settlement by his insurance company we think it is obvious that he has no interest in a claim and that he would not be the real party in interest. In such event his assignee or subrogee ought to be the party plaintiff, and if there is any doubt about the standing of the one who subrogates or assigns his entire interest to another, one standing in such position could be made a party defendant, thus to answer to his interests.

Accordingly, if an insurance company pays its insured's full claim, the company becomes the "real party in interest" for purposes of any lawsuit filed against the tortfeasor. *See Erie Ins. Co. v. George,* 681 N.E.2d 183, 190 (Ind.1997) ("Indeed, where an insurer has paid an insured's entire loss under an insurance policy and been assigned the right to pursue any and all causes of action, the insured can no longer sue in its own name.").

One court has addressed whether venue is controlled by the location of the subrogee-plaintiff insurance company or the subrogor-insured. The Kansas Supreme Court held:

> Although a subrogee ... may be said, in the eyes of the law, to stand in the same shoes as the party for whom he is substituted and thus he succeeds to the rights which the subrogor had in the cause of action ..., we cannot say he is restricted to using the same forum for enforcing his rights as the subrogor ... may have been.

*Appalachian Ins. Co. of Providence v. Betts,* 213 Kan. 609, 518 P.2d 385, 388 (1974).

Despite my concerns about forum shopping, I am constrained by subrogation law and the language of Trial Rules 17 and 75 to concur. A modification of Trial Rule 75(A)(10) might be in order to address the problems Ford notes.