Adams *v.* Wheeler *et al.*

Filed Feb. 21, 1890.

———◆———

No. 13,947.

ADAMS *v.* WHEELER ET AL.

| 122 | 251 |
| 141 | 51 |

DEED.—*Grantee's Assumption of Mortgage Debt.—Mistake of Scrivener.—Reformation of Instrument.*—Where a scrivener, in preparing a deed for land subject to a mortgage, by mistake and inadvertence, without the knowledge or direction of the purchaser, inserts a stipulation in the deed to the effect that the grantee assumes and agrees to pay the mortgage debt, the purchaser, who remains in ignorance of such stipulation until suit is brought, is entitled to have the deed reformed.

SAME.—*Mortgagee.—Estoppel.*—The mortgagee, present at the sale, with

knowledge that the property was sold subject to the mortgage only, having parted with nothing on the faith of the stipulation written in the deed, can not prevent the reformation of the deed by appealing to the doctrine of estoppel.

From the Marshall Circuit Court.

*A. C. Capron* and *J. D. McLaren,* for appellant.

MITCHELL, C. J.—This is an appeal from a judgment in favor of Wheeler against Adams, for the amount of a debt due the former from the Adams Chilled Plow Company, which debt it is alleged the latter assumed to pay as part of the purchase-price of certain real estate conveyed to him by a trustee of the above-named company. The question for decision arises on the following facts:

In 1882, the company above named, an incorporated body, executed a mortgage on its real estate to secure a loan of $6,000, made to it by Edward R. Wheeler. Subsequently, the corporation, in the process of winding up its business, conveyed and transferred all its real and personal estate to a trustee, who, after due advertisement, sold the property at public auction in March, 1883, to the defendant, Adams, for $2,550, cash in hand. The sale was made subject to the mortgage, in the presence of the mortgagee, but the purchaser never agreed to assume or pay the mortgage debt. It is alleged that after the sale the trustee caused a deed to be prepared conveying the property to the purchaser, and that the scrivener in preparing the deed, without the knowledge or direction of the trustee, by mistake and inadvertence, inserted a stipulation in the deed to the effect that the grantee assumed and agreed to pay the mortgage debt due to Wheeler. The trustee deposited the deed with the county recorder for record, without otherwise delivering it to the grantee, and without observing the stipulation so written therein, and the purchaser had no knowledge that the deed contained such a stipulation until after this suit was commenced. It is alleged that the sale was not made upon condition that the

purchaser assume and pay the mortgage debt, and that the defendant never did agree to pay it, and that the stipulation was inserted in the deed by the mutual mistake of the parties thereto. Upon this state of facts the defendant asked that the deed be reformed.

Upon the foregoing facts, it is very clear that the court was in error in holding the appellant personally liable, since it is conceded that he never agreed to pay the debt, and that the stipulation, upon which the suit was predicated, was inserted in the deed by the mutual mistake and inadvertence of the parties thereto, the facts alleged present a highly meritorious case for the reformation of the deed.

Upon what principle should a debt of $6,000 be imposed upon the appellant, and made his personal obligation, when it is admitted that he merely purchased the property subject to the mortgage, and that there was no agreement between the parties to the deed that he should assume or pay the debt? The difference between the purchaser assuming the payment of the mortgage debt, and simply buying subject to the mortgage, is, that in the one case he makes himself personally liable, and in the other he assumes no personal liability. *Hancock* v. *Fleming*, 103 Ind. 533.

It is a well-established principle of equity jurisprudence, that where through the mutual mistake of the parties, the form of an instrument is such that it does not express the agreement as the parties intended it should, the aid of a court of chancery may be invoked to reform the contract or deed. *Keister* v. *Myers*, 115 Ind. 312; *Baker* v. *Pyatt*, 108 Ind. 61. Courts of equity would be justly subject to reproach if they could afford no relief in cases like the present.

The mortgagee whose debt has been assumed by the stipulation inserted in the deed, without the knowledge of the parties, through the mistake of the scrivener, can not prevent the reformation by appealing to the doctrine of estoppel. He has parted with nothing on the faith of the stipulation written in the deed. He loaned his money upon the security of

the property before the deed was made, and is not, therefore, in the position of an innocent purchaser. His security would be in nowise affected by the correction of the deed. Besides, it plainly appears that he was present when the sale was made and knew that the property was sold subject to the mortgage only, and that the purchaser did not assume the payment of the mortgage debt. What reason can be suggested why he should profit by an inadvertent mistake of the parties to the deed?

Where the rights of innocent purchasers have not intervened, courts of chancery are not slow to relieve parties from terms or conditions in a contract or deed where it appears that such terms or conditions were inserted as the result of a mutual mistake. *Monroe* v. *Skelton,* 36 Ind. 302, and cases cited.

An action to reform a written instrument is in the nature of an action for the specific performance of a contract, and, except where the party seeking the reformation is a mere volunteer, or unless the principles of estoppel forbid it, courts of equity have jurisdiction to reform and enforce the contract as it was made by the parties. The conclusion follows that the court erred in sustaining the demurrer to the cross-complaint and to the answers.

The judgment is reversed, with costs.

Filed Feb. 21, 1890.