Wieneke v. Deputy.

---

## WIENEKE ET AL *v.* DEPUTY.

[No. 4,536.   Filed November 18, 1903.]

QUIETING TITLE.—*Evidence Admissible Under General Denial.*—In a suit to quiet title, the defendant may, under the general denial, introduce evidence tending to show a mistake in the description of the real estate contained in the conveyance under which he claims.   *pp. 622, 623.*

REFORMATION OF INSTRUMENTS.—*Parol Evidence.*—Parol evidence is admissible in suits for reformation, to establish the fact of the mistake, in what it consists, and to show how the writing should be corrected in order to conform to the agreement already made. *p. 624.*

QUIETING TITLE. — *Ejectment.* — *Cross-Complaint.* — *Offer to Convey.*— Plaintiff and defendant were in possession of adjoining tracts of land known as the "west acre" and the "middle acre" respectively.   Each had a deed for the tract in possession of the other.   Plaintiff brought suit for possession of the west acre, and to quiet title.   Defendant filed cross-complaint to quiet title, setting

up that by mistake of the grantor, who owned both tracts at the time, the middle instead of the west acre was described. *Held*, that without an offer to make deed of conveyance to plaintiff for the "middle acre" the defendant could not recover on his cross-complaint. *pp. 623-625.*

From Jackson Circuit Court; *D. A. Kochenour*, Special Judge.

Suit by Albert J. H. Wieneke and another against Solomon Deputy to quiet title. From a judgment for defendant on his cross-complaint, plaintiffs appeal. *Reversed.*

*O. H. Montgomery*, for appellants.
*J. M. Lewis* and *O. O. Swailes*, for appellee.

Roby, J.—Action by appellants in ejectment and to quiet title. Answer in general denial. Cross-complaint by appellee to quiet his title to the same real estate described in the complaint. Answer in general denial. Other paragraphs of answer set up no matter not admissible under the general denial. Trial by the court. Finding and judgment for appellee. Error assigned upon the action of the court in overruling the appellant's motion for a new trial.

Appellee was permitted to introduce evidence tending to show a mistake in the description of the real estate contained in the conveyance under which he claims. Appellant contends that in so much as there was no pleading filed by appellee setting up the mistake and praying for a reformation of the instrument, such evidence was inadmissible. The statute provides that under the general denial in cases of this class the defendant shall be permitted to give in evidence every defense to the action that he may have either legal or equitable. §1067 Burns 1901. The uniform holdings have been that under this statute the defendant may plead the general denial, "and introduce any facts upon the trial which, according to the principles of equity as applied by the courts of chancery, would defeat appellant in obtaining a decree quieting his title

to the land in question." *Reed* v. *Kalfsbeck,* 147 Ind. 148; *Allen* v. *Indianapolis Oil Co.,* 27 Ind. App. 158; *Watkins* v. *Lewis,* 153 Ind. 648; *Indiana, etc., R. Co.* v. *Allen,* 113 Ind. 581. The cases of *Conger* v. *Parker,* 29 Ind. 380, and *King* v. *Enterprise Ins. Co.,* 45 Ind. 43, 59, relied upon by appellant, are not in point. *East* v. *Peden,* 108 Ind. 92, 95. If *Cain* v. *Hunt,* 41 Ind. 466, can be considered as applicable, it must be regarded as overruled by the later and better considered cases before cited. The court did not, therefore, err in overruling the objections to evidence based upon the ground stated. The right thus conferred does not enable the defendant to avail himself of it for affirmative relief.

Mary Mooney, an unmarried woman, owned in 1897 a tract of land in Jackson county, containing three acres. On December 23 of that year she sold one acre to Jacob Schumback. The land owned by her is referred to in the evidence as the "east acre, middle acre, and west acre." Said parcels lying side by side, each being 83 feet wide by 516 feet deep. The deed to Schumback contained a description of the middle acre. Thereafter, on June 10, 1892, he made his deed, containing the same description, to appellee. Schumback, upon receiving his deed, took possession of the west acre, and transferred said possession to appellee, who has since the date of his deed had possession of said west acre, which he continues to hold, insisting at the trial that a mutual mistake was made by Mary Mooney and Schumback in the description inserted in the first deed, and that such mistake was followed in the Schumback deed to him. Appellee asserts that the description inserted in the deed made by Mary Mooney correctly described the land sold, but that Schumback took possession of the wrong land. Mary Mooney thereafter departed life, and such proceedings were had as resulted in the sale of her real estate and the execution of an executor's deed to Frank Roseberry for the west acre. Said Roseberry, how-

ever, took possession of the middle acre. In November, 1900, he conveyed to appellant, who, by virtue of such conveyance, has a clear record title to the west acre occupied and claimed by appellee. Appellant and his grantor had actual as well as constructive notice of appellee's equity when the Mooney title was acquired by them. The court found for appellee that the wrong description was by mistake inserted in the deeds under which he claimed.

The mistake was not a mistake of law, but one of fact. *Citizens Nat. Bank* v. *Judy,* 146 Ind. 322, 346. Parol evidence is admissible in suits for reformation, to establish the fact of the mistake, in what it consists, and to show how the writing should be corrected in order to conform to the agreement already made. Pomeroy, Eq. Jurisp. (2d ed.), §859. "Equity will not interpose in such a case, unless there is the clearest and most satisfactory proof of the mistake and of the agreement of the parties." *Gray* v. *Woods,* 4 Blackf. 432; *Oiler* v. *Gard,* 23 Ind. 212, 218; *Board, etc.,* v. *Owens,* 138 Ind. 183, 187; Pomeroy, Eq. Jurisp. (2d ed.), §859.

A witness was introduced by appellee who testified that he was a civil engineer, and was employed by Mary Mooney to "lay off an acre" for Schumback, "it to be the third acre west;" that the east acre was already laid out; that he laid out the west acre; that she told him to stake off the west acre, and that he did so, and furnished her a description, but did not know whether the description was followed in the deed or not, although it was made for that purpose. Another witness testified that he had a conversation with Mary Mooney relative to the purchase by him from her of the middle acre; that he paid her $5 a year rent for two years for it; that she told him she had sold the third (west) acre to Schumback, who then took possession of it. That he did so take possession and hold it is undisputed. As a circumstance tending to show his understanding of the agreement, the effect is persuasive, and,

in the absence of an explanation, it is difficult to believe that he did not suppose that it had conveyed that portion to him.   On the other hand, it is not probable he would have been allowed to continue his occupancy for so long a time without protest, except as the grantor had the same understanding.   There was evidence tending to show that the appellant took the middle acre upon the supposition that it was the part conveyed to Roseberry.   Appellee made improvements on the west acre.   We are not able to say that the evidence is insufficient to sustain the finding that the mistake asserted was in fact made.

Appellee, by virtue of the conveyance above referred to, was vested with an apparent title to the middle acre of said land.   He seeks to obtain in this action title to the west acre, and the judgment does quiet his title thereto. It destroy's appellant's title thereto, and leaves him with nothing to take its place, while appellee now has title to both the west and middle acres.   The maxim that he who seeks equity must do equity is applicable.   No offer was made by appellee to rectify on his part the mistake asserted. He neither conveyed, tendered conveyance, nor offered to convey to appellant.   He should have tendered a deed, or taken such other action as would devest him of the appearance of holding that to which he admits he has no right.   It is no answer to say that appellant may bring an action to obtain reformation of his deed.   Neither is the absence of the representatives of the Mooney estate material.   Appellee has title to, and, so far as shown by the record, proposes to hold the land that, upon his own theory, belongs to appellant.

The judgment is reversed, and the case is remanded, with instructions to sustain motion for a new trial and for further proceedings.