**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



APPELLANT PRO SE:

**DOUGLAS C. HOLLAND**
Lawrenceburg, Indiana

ATTORNEY FOR APPELLEE:

**LEANNA WEISSMANN**
Larenceburg, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| DOUGLAS C. HOLLAND, | ) | |
| | ) | |
| Appellant-Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 58A01-1112-PL-616 |
| | ) | |
| RISING SUN/OHIO COUNTY FIRST, INC., | ) | |
| OHIO COUNTY, RISING SUN, QUIN MIN, | ) | |
| AND KIRK and MICHELLE NEACE, | ) | |
| | ) | |
| Appellees-Defendants. | ) | |

APPEAL FROM THE OHIO CIRCUIT COURT
The Honorable James D. Humphrey, Judge
Cause No. 58C01-0006-PL-2

**August 15, 2012**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**RILEY, Judge**

## STATEMENT OF THE CASE

Appellant-Plaintiff, Douglas C. Holland (Holland), appeals the trial court's Order denying Holland's request to quiet title through adverse possession but reforming the deed in favor of Appellees-Defendants, Rising Sun/Ohio County First, Inc.(Rising Sun); Ohio County, the City of Rising Sun (Ohio County); Quin Min; and Kirk and Michelle Neace.

We affirm.

## ISSUES

Holland raises eight issues on appeal, which we consolidate and restate as the following four issues:

    (1)  Whether the trial court properly dismissed Ohio County as a party;

    (2) Whether the trial court abused its discretion when it denied Holland's request for a change of venue;

    (3) Whether the trial court abused its discretion when it denied Holland's request for a trial by jury; and

    (4) Whether the trial court erred in reforming Holland's deed rather than quieting title in his favor.

## FACTS AND PROCEDURAL HISTORY

On April 18, 1959, the Citizens Bank located in Rising Sun, Ohio County, Indiana, divided its property, with frontage on Main Street, into two parcels, deeding one parcel to the Presbyterian Church and one parcel to Rising Sun State Bank. The deed to the

2

Presbyterian Church (the Church deed) gave the church a fifty-one and a half feet road frontage and the deed to the Rising Sun State bank (the Bank deed) gave the bank forty-five foot frontage, with a total frontage for both parcels of ninety-six and a half feet.

On May 14, 1982, Holland purchased the parcel, identified in the Bank deed, from Rising Sun State Bank. On January 13, 2003, Rising Sun purchased the adjoining parcel, identified by the Church deed and which once housed the Presbyterian Church. Sometime in 2004, Rising Sun conducted a survey of its property and discovered that a mistake had been made in both the Church and Bank deeds. Based on this survey, the Church deed should have had a fifty-six and a half feet frontage with the Bank deed (owned by Holland) covering forty feet of frontage.

On June 28, 2010, Holland filed a verified complaint to quiet title, asserting title to his property in accordance with the Bank deed and alleging that he "has been in open, continuous, adverse and notorious possession of the property as described since the purchase[.]" (Appellee's App. p. 2). Because Holland also named Ohio County as a defendant in his complaint, he filed a verified motion for change of venue, claiming that he would be unable to secure a fair trial in Ohio County "as likely the entire pool of jurors will have personal, family and/or employee interests in the outcome of this case as any adverse effect on their governing body would adversely affect them personally and no juror would want to harm themselves or their family." (Appellee's App. p. 5).

On August 23, 2010, Ohio County moved to dismiss the complaint for failure to state a claim and filed a motion for a more definite statement. On August 26, 2010, Holland filed his request for trial by jury. On August 31, 2010, Ohio County sought to

3

strike Holland's jury trial request as being untimely filed. On December 6, 2010, the trial court issued its order on the pending motions, dismissing Ohio County as a party, denying Holland's jury trial request, and denying Holland's change of venue request. On December 16, 2010, Holland filed a verified amended complaint to quiet title to include Ohio County as a party, which was denied by the trial court on January 5, 2011.

On September 20, 2011, the trial court conducted a bench trial on Holland's quiet title action. On November 18, 2011, the trial court issued its Order and Judgment, finding, in pertinent part:

> 5. That [Rising Sun's] expert, Archie Crouch of Land Consultants, Inc. explained and clarified to the satisfaction of the [c]ourt that the deeds conveying the two disputed properties to [Holland] and [Rising Sun] respectively have errors in the legal descriptions for the calculation of the frontage of the two adjoining properties.
>
> 6. That according to [] Archie Crouch of Land Consultants, Inc., the total frontage of the Holland property is actually 40 feet [] and the adjoining property now owned by [Rising Sun] is 56.5 feet.
>
> 7. That the references in the deed to [Holland], [], which states: "thence Southwardly at an obtuse angle 17 feet to the point in line with *the extension of the East line of the Presbyterian Church lot* (emphasis added)" coincides with the conclusion of [Rising Sun's] aforementioned expert testimony.
>
> 8. That said deeds need reformation to reflect the true distances as surveyed.
>
> IT IS THEREFORE CONSIDERED, ORDERED AND ADJUDGED by the [c]ourt that:
>
> 1. [Holland's] Complaint to Quiet Title is denied.
>
> 2. [Holland] shall present a copy of this Order to the Auditor of Ohio County for the purpose of reforming said deed to [Holland], to reflect the

4

true closing call of the description to read: "thence Eastwardly with Main Street 40 feet to the place of beginning."

3. That [Rising Sun] shall present a copy of this Order to the Auditor of Ohio County for the purposes of reforming the deed to [Rising Sun], to reflect the true beginning call of the description of Parcel II, to read: "beginning at a point on the North side of Main Street, in the City of Rising Sun, Indiana, 56 ½ feet from the East line of the alley between Poplar and Walnut streets in said City."

(Appellant's Br. pp. 28-29).

Holland now appeals. Additional facts will be provided as necessary.

DISCUSSION AND DECISION

I. *Dismissal of Ohio County*

Holland contends that the trial court erred when it dismissed Ohio County as a party because he had failed to state a claim against Ohio County, and again, when the trial court denied his request to amend his complaint to bring Ohio County back into the lawsuit. Review of a trial court's grant or denial of a motion based on Indiana Trial Rule 12(B)(6) is *de novo*. *Babes Showclub, Jaba, Inc. v. Lair*, 918 N.E.2d 308, 310 (Ind. 2009). When reviewing a motion to dismiss, we view the pleadings in the light most favorable to the nonmoving party, with each reasonable inference construed in the nonmovant's favor. *Id*. A complaint may not be dismissed for failure to state a claim upon which relief can be granted unless it is clear on the face of the complaint that the complaining party is not entitled to relief. *Id*.

In his complaint, Holland advanced a claim to quiet title to a contested piece of land adjacent to his own property. Although the complaint states very generally that Holland "has named as Defendants all persons or entities known to [him] that may have a

5

claim to or interest in [his] real estate," Holland refrains from specifying what particular interest Ohio County may have in his property. During the hearing on Ohio County's motion to dismiss, Ohio County stated

> Ohio County has no interest in [Holland's] real estate, owns no real estate adjoining [Holland's] real estate, there's just - - there's just no reason why Ohio County should be in this lawsuit, other than maybe for the reason of allowing [Holland] to allow for - - or to ask for automatic change of venue from the county under Trial Rule 76.

(Transcript p. 16). Therefore, based on the face of the complaint, the trial court properly dismissed Ohio County as there is no actual controversy between the parties and Holland failed to clarify Ohio County's interest in the cause. *See Town of Munster v. Hluska*, 646 N.E.2d 1009, 1012 (Ind. Ct. App. 1995).

Turning to Holland's request to file an amended complaint, we reach a similar result. On December 16, 2010, Holland filed a verified amended complaint to quiet title in which he asserted that Ohio County had a claim in the property dispute because it appoints the board members of Rising Sun and it expended public funds to Rising Sun. Pursuant to Indiana Trial Rule 15(A), a party may amend his pleading once as a matter of course at any time before a responsive pleading is served. Otherwise, a party may amend his pleading only by leave of court or by written consent of the adverse party. *See* Ind. Trial Rule 15(A). Here, Holland filed his action to quiet title on June 28, 2010. Rising Sun filed its response on July 19, 2010 and Ohio County filed its motion to dismiss on August 23, 2010. Without requesting leave from the trial court or presenting a written consent from the other parties, Holland sought to file an amended complaint on

6

December 16, 2010, approximately five months after the responsive pleading was filed. As such, we conclude that the trial court properly denied Holland's amended complaint.

## II. *Change of Venue*

Next, Holland disputes the trial court's denial of his request for change of venue. In his verified motion for change of venue, filed on the same day as his complaint, Holland claimed that because Ohio County was one of the parties to the lawsuit, he would be unable to secure a fair trial. We review a trial court's order on a motion to change venue for an abuse of discretion. *Lake Holiday Conservancy v. Davison*, 808 N.E.2d 119, 121 (Ind. Ct. App. 2004). An abuse of discretion occurs when the trial court's decision is clearly against the logic and effect of the facts and circumstance before the court, or when the trial court has misinterpreted the law. *Id*.

> Indiana Trial Rule 76(A) states, in pertinent part, as follows:
>
> In civil actions where the venue may be changed from the county, such change of venue from the county may be had only upon the filing of a verified motion specifically stating the grounds therefor by the party requesting the change. The motion shall be granted only upon a showing that the county where the suit is pending is a party or that the party seeking the change will be unlikely to receive a fair trial on account of local prejudice or bias regarding a party or the claim or defense presented by a party.

Because we already found that Ohio County was properly dismissed from the lawsuit, it is imperative that Holland establish local prejudice or bias to successfully change the trial's venue. In his motion, Holland clearly connected the alleged prejudice to Ohio County as a party by stating that "the entire pool of jurors will have personal, family and/or employee interests in the outcome of this case as any adverse effect on

7

their governing body would adversely affect them personally and no juror would want to harm themselves or their family." (Appellee's App. p. 5). Therefore, as Ohio County is not a party to the suit, the bias or prejudice perceived by Holland is non-existent and we affirm the trial court's denial of his motion to change venue.

### III. *Request for Jury Trial*

As a third contention, Holland asserts that the trial court abused its discretion when it denied his request for a jury trial. Our Indiana Constitution guarantees that in all civil cases, the right of trial by jury shall remain inviolate. Ind. Const. art. I, § 20. That right is not absolute, however, and can be waived. *Scott v. Crussen*, 741 N.E.2d 743, 746 (Ind. Ct. App. 2000), *trans. denied.* Indiana Trial Rule 38(B) sets out the procedure for exercising the right to a jury trial where the right exists:

> Any party may demand a trial by jury on any issue triable of right by a party by filing with the court and serving upon the other parties a demand therefor in writing at any time after the commencement of the action and not later than ten (10) days after the first responsive pleading to the complaint . . . is pleaded; and if no responsive pleading is filed or required, within ten (10) days after the time such pleading otherwise would have been required.

Thus, a demand for a jury trial must be made by the requesting party no later than ten days after the first responsive pleading is due. *Scott*, 741 N.E.2d at 746. A party who fails to serve and file a demand for jury trial within the time allotted by T.R. 38(B) waives trial by jury. *See* T.R. 38(D).

Holland filed his complaint on June 28, 2010 and on July 19, 2010, Rising Sun filed its answer. As such, a request for jury trial should have been received by July 29,

8

2010. Holland filed his request for jury trial on August 26, 2010 and therefore, he did not meet the deadline articulated in T.R. 38(B).

Nevertheless, Holland attempts to avoid waiver by claiming that he filed within the time limit because Ohio County filed its pleading on August 23, 2010. As such, Holland suggests to read the ten-day time limit of T.R. 38(B) as starting from the date the last defendant filed its responsive pleading. We are not persuaded. The plain language of the trial rule indicates that "first" qualifies "responsive pleading," it does not mention or make any reference to a party. Our reading is confirmed by the penultimate sentence of the rule wherein it is clarified that even if no responsive pleading is required, the time limit commences to run after the time within which such pleading otherwise would have been required. In *Johnson v. Wabash County*, 391 N.E.2d 1139, 1147 (Ind. Ct. App. 1979), we noted that T.R. 38(B) limits the time within which a party may request a jury trial. "It is not consistent with the spirit of this Rule to allow a defendant to wait five and one-half months, and file a useless answer, simply for the purpose of giving efficiency to an otherwise untimely motion for a jury trial." *Id*. Understood in this light, all parties are subject to the same time-limit in which to file a request for jury trial. Accepting Holland's interpretation would muddle a clear deadline. Therefore, we affirm the trial court's denial of Holland's request for a jury trial.

### IV. *Reformation of the Deed*

Lastly and most importantly, Holland contends that the trial court erred when it reformed his deed rather than awarded him the contested land through adverse possession. When a trial court enters findings of fact and conclusions thereon, we must

9

first determine whether the evidence supports the findings and then whether the findings support the judgment. *Wright v. Sampson*, 830 N.E.2d 1022, 1025 (Ind. Ct. App. 2005). We will only set aside a trial court's findings and conclusions if they are clearly erroneous. *Id.* Findings and conclusions are clearly erroneous when the record contains no facts or inferences supporting them. *Id.* A judgment is clearly erroneous when a review of the record leaves us with the firm conviction that a mistake has been made. *Id.* When a trial court's judgment contains findings of fact and conclusions thereon, we will neither reweigh the evidence nor assess the credibility of witnesses, and we will only consider the evidence most favorable to the judgment. *Id.*

Holland contends that the trial court abused its discretion in relying on the testimony of Crouch who interpreted the language of the deeds and researched the deeds back to 1833. Specifically, during a survey conducted in 2004, Crouch discovered that the Church deed was mis-conveyed in 1959. Crouch testified that in 1959, Citizens Bank, holder of both the bank deed and Church deed had deeded an additional six and a half feet of frontage to the Presbyterian Church when it conveyed the Church deed. Based on this finding and tracing the deed's lineage back to 1833, Crouch discovered that the Presbyterian Church should have received a total of fifty-six and a half feet total footage. Because the aggregate combined footage of the Bank deed and the Church deed had been ninety-six and a half feet, Crouch concluded that Holland could not have been deeded forty-five foot frontage. Based on Crouch's testimony, the trial court found:

> 5. That [Rising Sun's] expert, Archie Crouch of Land Consultants, Inc. explained and clarified to the satisfaction of the [c]ourt that the deeds conveying the two disputed properties to [Holland] and [Rising Sun]

10

respectively have errors in the legal descriptions for the calculation of the frontage of the two adjoining properties.

6. That according to [] Archie Crouch of Land Consultants, Inc., the total frontage of the Holland property is actually 40 feet [] and the adjoining property now owned by [Rising Sun] is 56.5 feet.

7. That the references in the deed to [Holland], [], which states: "thence Southwardly at an obtuse angle 17 feet to the point in line with *the extension of the East line of the Presbyterian Church lot* (emphasis added)" coincides with the conclusion of [Rising Sun's] aforementioned expert testimony.

8. That said deeds need reformation to reflect the true distances as surveyed.

(Appellant's Br. pp. 28-29).

Reformation is an extreme equitable remedy to relieve the parties of mutual mistake or of fraud. *Meyer v. Marine Builders, Inc*., 797 N.E.2d 760, 772 (Ind. Ct. App. 2003). It is a well-established principle of equity jurisprudence that where, through the mutual mistake of the parties, the form of an instrument is such that it does not express the agreement as the parties intended it should, the aid of a court may be involved to reform the contract or deed. *Adams v. Wheeler*, 23 N.E. 760, 761 (Ind. 1980). The remedy of reformation is extreme because written instruments are presumed to reflect the intentions of the parties to those instruments. *Id*. As such, In Indiana, courts may reform written contracts only if: (1) there had been a mutual mistake; or (2) one party makes a mistake while the other party commits fraud or inequitable conduct. *Id*. Reformations for mutual mistake are only available if they are mistakes of fact, as opposed to mistakes of law. *Id*.

11

As stated, Holland does not dispute the mutual mistake requirement of the reformation; rather, his argument focuses on whether the evidence sufficiently reflects the mistake of fact in drafting the respective deeds. Because the mistake of fact was testified to by Crouch, Holland now asserts that the trial court violated the parol evidence rule. However, in *Wieneke v. Deputy*, 68 N.E. 921, 922 (Ind. Ct. App. 1903), we stated that "[p]arol evidence is admissible in suits for reformation to establish the fact of the mistake, in what it consists, and to show how the writing should be corrected in order to conform to the agreement already made." As such, the trial court properly relied on Crouch's testimony. Because we cannot review the credibility of the witnesses or reweigh the evidence, we cannot say that the trial court's conclusion was clearly erroneous.

## CONCLUSION

Based on the foregoing, we conclude that the trial court (1) properly dismissed Ohio County as a party; (2) did not abuse its discretion by denying Holland's request for change of venue; (3) did not abuse its discretion by denying Holland's request for a trial by jury; and (4) the trial court did not err in reforming Holland's deed rather than quieting title in his favor.

Affirmed.

NAJAM, J. and DARDEN, S. J. concur